FILED
2026 Sep-01 PM 02:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT "A"

ELECTRONICALLY FILED
6/15/2026 9:22 AM
01-CV-2026-902671.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

| | | |
|---|---|---|
| **State of Alabama**<br>**Unified Judicial System**<br>**Form ARCiv-93 Rev. 9/25** | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca[s]<br>01<br>Date of Filing: Judge Code:<br>06/15/2026 |

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**WILLIE SLAUGHTER JR. v. WALMART, INC.**

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: ____________

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ **INITIAL FILING** A ☐ **APPEAL FROM DISTRICT COURT** P ☐ **APPEAL FROM PROBATE COURT** O ☐ **OTHER**

**HAS JURY TRIAL BEEN DEMANDED?** ☑ **YES** ☐ **NO**

**Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ **MONETARY AWARD REQUESTED** ☐ **NO MONETARY AWARD REQUESTED**

**ATTORNEY CODE:**

| | | |
|---|---|---|
| COP037 | 6/15/2026 9:22:49 AM | /s/ KATIE TAIT COPELAND |
| | Date | Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:** ☐ **YES** ☑ **NO** ☐ **UNDECIDED**

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ **YES** ☑ **NO**

ELECTRONICALLY FILED
6/15/2026 9:22 AM
01-CV-2026-902671.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **WILLIE SLAUGHTER JR., an individual,** | ) | **JURY TRIAL IS REQUESTED** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: ________________** |
| | ) | |
| **WALMART INC.;** | ) | |
| **and** | ) | |

[FICTITIOUS DEFENDANTS: No. 1, whether singular or plural, any entity which had the duty to maintain the safe condition of the flooring at the property/business in question; No. 2, any entity which had a duty to warn and failed to warn, had a duty to issue and failed to issue or issued inadequate warning or instructions, regarding the hazardous condition to Plaintiff at the property/business in question; No. 3, any entity which had a duty to inspect the area in question for hazards, hidden defects or dangerous conditions at the property/business in question; No. 4, any entity which placed, allowed or caused the hazard condition in question to manifest at the property/business in question; No. 5, whether any entity which provided general liability or premises liability or medical payment coverage to the property/business in question; No. 6, any entity which conducted safety inspections or analyses or provided consulting services pertaining to the area in question at the property/business in question; No. 7, any entity which had a duty to insure or ensure the safety and security of Plaintiff, while at the premises involved in the occurrence made the basis of this suit; No. 8, any entity which was involved to any degree in providing safety and security to Plaintiff in connection with the occurrence made the basis of Plaintiff's complaint; No. 9, any entity which controlled and/or had a duty to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence which caused injury and damage to Plaintiff; No. 10, any entity which controlled or had the right to control the access or ingress and/or egress to the premises involved in the occurrence made the basis of this lawsuit at the time of said occurrence; No. 11, any entity other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit; No. 12, any entity which reinsured or provided excess coverage for said premises; No. 13, any entity which is the successor in interest of any of those entities described herein; No. 14, being that person, firm, partnership or corporation who contracted with any named defendant to provide training or supervision of its employees in the proper maintenance of its premises as alleged herein; No. 15, being that person, firm, partnership or corporation who owned or operated the premises causing the injuries to Plaintiff as alleged in the complaint; No. 16, being that person, firm, partnership or corporation who contracted to any named defendant to provide training or supervision to its employees in the proper maintenance of its premises as alleged herein; No. 17, being the person, firm, partnership or corporation who is a successor or predecessor in interest to any named or fictitiously identified defendant; No. 18, being the person, firm, partnership or corporation charged with the overall hiring, training and supervision of the employees or contractors who or which were charged with the duty or contracted to assume said duty of cleaning, inspecting, maintaining, and operating the section or department of the premises in question and at issue in this lawsuit and whose breach of duty caused or contributed to cause the injuries and damages to Plaintiff, as alleged in this lawsuit; Plaintiff avers that the identities of the Fictitious Party Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party Defendants are not known to Plaintiff at this time, but their true names will be substituted when ascertained],

**Defendants.** )

# COMPLAINT

## PARTIES

1. Plaintiff, Willie Slaughter, Jr. (hereinafter referred to as "Plaintiff"), is an individual over the age of nineteen (19) years and is a resident of Jefferson County, Alabama.

2. Defendant Walmart Inc., (hereinafter referred to singularly as "Defendant Walmart," or together with Fictitious Defendants as "Defendants"), is a foreign corporation who operates a business at 2473 Hackworth Road, Forestdale, AL 35214.

3. Fictitious Defendants, described above as numbers one (1) through eighteen (18), are those persons or entities whose names will be substituted upon learning their true identities.

## FACTUAL BACKGROUND

4. On or about the 15th day of June, 2024, Plaintiff was an invitee of Defendant Walmart located at 2473 Hackworth Road, Forestdale, AL 35214 when Plaintiff suffered a fall from an unknown clear liquid that caused injuries to his neck, foot, and back.

5. The hazardous condition and/or area present that day originated from an unknown source.

6. Defendants controlled, owned and maintained the said premises.

7. Defendants negligently, recklessly, and/or wantonly caused or allowed Plaintiff to fall and suffer injuries and damages to Plaintiff's person by failing to keep and maintain its premises free and clear of potentially hazardous conditions of which they were aware or should have known through their inspection of the premises for said hazardous conditions. Defendants had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous condition, and were negligent and/or wanton in allowing or affirmatively creating a hazard by allowing the hazardous condition to remain in the area in question which was in the path

of invitees of the Defendant; further, the Defendant was negligent and/or wanton in creating a hazardous condition in the path of invitees and did not provide adequate warning to Plaintiff.

8. As a proximate and direct result of Defendants' wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as follows:

a. Plaintiff suffered injuries to various portions of plaintiff's body;

b. Plaintiff was caused and will be caused in the future to expend sums of money in the nature of doctor, hospital, drug any other medical expenses in and about an effort to heal and cure said injuries;

c. Plaintiff has experienced and continues to experience pain and suffering and is reasonably certain to experience pain and suffering in the future;

d. Plaintiff was temporarily and potentially permanently unable to pursue usual and normal activities;

e. Plaintiff was caused to incur aggravation and/or exacerbation to then existing conditions that Plaintiff either did or did not know of at the time of this incident;

f. Plaintiff has experienced and continues to experience mental anguish;

g. Plaintiff is reasonably certain to experience mental anguish in the future;

h. Plaintiff was caused to incur out-of-pocket medical expenses; and

i. Plaintiff was caused to suffer both past and future lost wages, loss of income, loss of earning capacity and lost employment benefits.

**COUNT I - NEGLIGENCE**

9. Plaintiff hereby re-alleges and re-avers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

10. As described in the Factual Background above, on the date in question Plaintiff was an invitee at Defendant's premises, Plaintiff suffered an injury resulting from an unresolved hazard at the Defendant's premises.

11. Defendants negligently caused or allowed Plaintiff to be injured on their premises as they failed to keep and maintain its premises to be free and clear of potentially hazardous conditions. Defendants had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous condition, and were negligent and/or wanton in affirmatively creating a hazard or not warning their invitees of said hazardous condition that was situated in a dangerous area and/or location inasmuch as it was located in an area that was regularly traveled by invitees. Further, Defendant(s) were negligent in failing to warn Plaintiff of this dangerous condition that existed on their premises that was a hazard to their invitees.

12. As a proximate and direct result of Defendants' wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as described above, herein.

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

## COUNT II – RECKLESSNESS AND WANTONNESS

13. Plaintiff hereby re-alleges and re-avers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

14. As described in the Factual Background above, on the date in question Plaintiff was an invitee at Defendant's premises, Plaintiff suffered an injury resulting from an unresolved hazard at the Defendant's premises.

15. Defendants recklessly and/or wantonly caused or allowed Plaintiff to be injured at their establishment by failing to keep and maintain its premises in a manner to be free and clear of potentially hazardous conditions and to warn its invitees of the aforementioned conditions. Defendants had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous condition and were wanton in creating a hazard of a liquid material on the floor in the path of invitees of the store and were wanton in affirmatively creating a hazard of allowing a clear liquid to be placed or allowed to remain on a route regularly used by its invitees in a location that would likely lead to harm to its invitees due to the location of the hazard.

16. Defendants recklessly and/or wantonly caused or allowed the hazard at issue in this lawsuit to be placed or to remain in a regularly used area of travel in a location that was dangerous and likely to cause injury to its invitees, and did cause injury to Plaintiff.

17. As a proximate and direct result of Defendants' wrongful conduct as specifically set forth above, Plaintiff has been injured and damaged as described above, herein.

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

## **COUNT III – PREMISES LIABILITY**

18. Plaintiff hereby re-alleges and re-avers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

19. As described in the Factual Background above, on the date in question Plaintiff was an invitee of Defendant's premises, Plaintiff suffered an injury resulting from an unresolved hazard at the Defendant's premises.

20. Defendants negligently, recklessly and/or wantonly caused or allowed a hazard to remain in an area that was used by its invitees.

21. At the aforesaid time and place, Defendants were the owners or lessees of the property and as such had a duty and responsibility to provide Plaintiff a safe place as an invitee. Further, if any defects in their owned or leased premises existed, Defendants had the duty to warn its invitees of hazards of which it knew or should have known that were not easily discoverable by the invitees. Said Defendants negligently, wantonly, recklessly and/or willfully breached these duties by failing to provide Plaintiff with a safe place as in invitee and by failing to warn the Plaintiff of the hazard and/or defect which were encountered which was known to Defendant or which Defendant negligently failed to detect in their use, operation and maintenance of and upon the premises. Said negligent, wanton, reckless and/or willful conduct was a proximate cause of Plaintiff's injuries and damages.

22. Defendants were owners or lessees of the property at issue and, as such, said defendants had the right to and did control the conditions, methods and manner in which the premises was inspected, maintained and configured. Defendants also controlled the inspecting and maintaining of said invitee areas and Defendants are also responsible for establishing patterns and routes for its invitees to walk and/or travel around and about the premises at the time and place of the occurrence made the basis of Plaintiff's complaint. Defendants negligently and/or wantonly caused or allowed Plaintiff to be injured as a result of the breach of the duties that the aforementioned Defendants owed to Plaintiff in causing or allowing the premises upon which

Plaintiff was injured to be unreasonably hazardous or by ignoring the present hazard or creating the hazard by their process of organizing, cleaning, polishing, etc. Said Defendants negligently, wantonly, recklessly and/or willfully failed to properly control the conditions, methods and manner in which the floor was maintained and presented to the invitees for their use in ambulating and/or traveling about the store as invitees moved about the premises and said negligent, wanton, reckless and/or willful conduct was a proximate cause of Plaintiff's injuries and damages.

23. Plaintiff avers that Defendants negligently, wantonly, recklessly, purposely, intentionally, willfully or by design caused injury to Plaintiff. Defendants negligently, wantonly, recklessly and/or willfully caused or allowed the hazardous condition to remain in a foreseeably traveled area in a main travel area and failed to remedy the hazardous situation and/or address the unreasonably dangerous area, and said Defendants had actual knowledge of the hazardous condition or said hazardous condition had existed for such an unreasonable length of time so as to create a presumption of knowledge of such hazardous area on the part of said Defendants.

24. At the aforesaid time and place, Defendants did negligently, wantonly, and/or willfully cause or negligently, wantonly and/or willfully allow Plaintiff to be injured.

25. Defendants negligently, wantonly and/or willfully failed to warn Plaintiff of the dangers associated with the potentially hazardous area for the purpose of eliminating the possibility of said Plaintiff being injured, and said negligent, wanton and/or willful conduct was a proximate cause of Plaintiff's injuries as described herein.

26. Plaintiff alleges that the injuries and damages were caused as a proximate consequence of the negligent, willful and/or wanton conduct and other wrongful conduct of Defendants.

27. The aforesaid wrongful, negligent, willful and/or wanton conduct of each of the above-described Defendants combined and concurred, and as a proximate cause thereof, Plaintiff was caused to be severely injured.

28. As a proximate and direct result of Defendants' wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as described above, herein.

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

## COUNT IV – NEGLIGENT, RECKLESS, AND WANTON SUPERVISION AND TRAINING

29. Plaintiff hereby re-alleges and re-avers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

30. As described in the Factual Background above, on the date in question Plaintiff was an invitee of Defendant's premises, Plaintiff suffered an injury resulting from a hazardous condition at the Defendant's premises.

31. Defendants were under an obligation and duty to train and supervise their employees to properly inspect the foreseeably accessible areas for their invitees so that there are no dangerous conditions which were not readily discoverable to their invitees.

32. Defendants negligently, wantonly, and recklessly failed to properly train employees to inspect and to keep the property and/or premises free and clear of dangerous conditions. Defendants' failure to properly train its employees directly resulted in Plaintiff's injuries as described herein.

33. As a direct and proximate consequence of Defendants' negligent, reckless and wanton training and supervision, Plaintiff was injured and damaged as described above, herein.

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

Respectfully Submitted,

/s/ Katie Tait Copeland
**Katie Tait Copeland**
**(COP037)**

**OF COUNSEL:**
SHUNNARAH INJURY LAWYERS, P.C.
219 S. 3rd Street
Gadsden, AL 35901
(205) 983-8123
(205) 983-8423- Facsimile

Plaintiff's Address:
c/o Katie Tait Copeland
Shunnarah Injury Lawyers, P.C.
219 S. 3rd Street
Gadsden, AL 35901

## NOTICE OF SERVICE

**Defendant shall be served with this Complaint and Discovery Requests by certified mail at the location below:**

Walmart Inc.
c/o C T Corporation System
2 N Jackson St. Suite 605
Montgomery, Alabama 36104

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **WILLIE SLAUGHTER, JR.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: ___________________** |
| | ) | |
| **WALMART INC., et. al.;** | ) | |
| | ) | |
| **Defendants.** | ) | |

**JURY DEMAND**

COMES NOW the Plaintiff, by and through her undersigned counsel of record, and hereby demands a trial by struck jury.

Respectfully Submitted,

/s/ Katie Tait Copeland
**Katie Tait Copeland**
**(COP037)**

**OF COUNSEL:**
SHUNNARAH INJURY LAWYERS, P.C.
219 S. 3rd Street
Gadsden, AL 35901
(205) 983-8123
(205) 983-8423- Facsimile

Plaintiff's Address:
c/o Katie Tait Copeland
Shunnarah Injury Lawyers, P.C.
219 S. 3rd Street
Gadsden, AL 35901

ELECTRONICALLY FILED
6/15/2026 9:22 AM
01-CV-2026-902671.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **WILLIE SLAUGHTER, JR, an individual,** | ) | **JURY TRIAL IS REQUESTED** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: ________________** |
| | ) | |
| **WALMART INC.;** | ) | |
| | ) | |
| **Defendant.** | | |

**PLAINTIFF'S INTERROGATORIES TO DEFENDANT WALMART INC.**

COMES NOW Plaintiff in the above-styled cause and, pursuant to the ALABAMA RULES OF CIVIL PROCEDURE, propounds to Defendant, Walmart Inc., the following interrogatories to be answered and responded to pursuant to Rule 33 of the ALABAMA RULES OF CIVIL PROCEDURE.

You are reminded that under the provision of Rule 26(e), you are under a duty to reasonably supplement your responses with respect to any question directly addressed to: (a.) the identity and location of persons having knowledge of discoverable matter and (b.) matters on which he/she is expected to testify and the substance of his/her testimony.

You are under a duty to reasonably amend a prior response if you obtain information upon the basis of which: (a.) you know that the response was incorrect when made, or (b.) you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend this response is, in substance, a knowing concealment.

DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these interrogatories:

"You" or "Yours" shall mean the Defendant and each of its employees, agents or representatives and all other persons acting on its behalf.

"Person" shall mean any individual, partnership, firm association, corporation or other business, government or legal entity.

"Document" shall mean any written, recorded, transcribed, punched, taped, filmed or graphic matter of any kind or description, however produced or reproduced.

"Identify" or "Identification," when used with reference to a person, shall mean to state the full name, present or last known address, home and work telephone numbers and position of employment.

"Identify" or "Identification," when used with reference to a document, shall mean to state its date, author, signor, addressee and all other means of identifying it and its present or last known location or custodian. If any document was, but is no longer in your possession, custody or control, state what disposition was made of it and the reason for its disposition.

"Incident" means the occurrence as alleged in the Plaintiff's Complaint as the Defendant's location.

**<u>INTERROGATORIES</u>**

1. Are you named correctly in the complaint? If not, how should you be correctly designated in an action at law?

**RESPONSE:**

2. Please identify by name and address the individual responsible for answering these interrogatories.

**RESPONSE:**

3. Have you been advised that these interrogatories and the accompanying requests for production are required to be answered under oath?

**RESPONSE:**

4. Please identify each expert that you plan on having testify at the trial of this cause, including any and all medical experts. Additionally, please give a summary of the opinions which you expect each expert to testify at trial in compliance with Rule 26 and state in detail each and every fact upon which said expert reviewed prior to forming said opinions.

**RESPONSE:**

5. Please identify who will serve as the representative of the Defendant at counsel table in the event this matter is tried before a finder of fact.

**RESPONSE:**

6. Identify the insurance carrier and state the policy limits of each and every liability policy of insurance which will or may provide any coverage for this Defendant arising out of the incident made the basis of this lawsuit.

**RESPONSE:**

7. For all documents withheld from identification and/or production based upon only theory of privilege or other objection to any of Plaintiff's discovery requests served in this lawsuit, describe said document with particularity (i.e. – give a description of the document, state when the document was generated and state the subject matter of the document).

**RESPONSE:**

8. Who – whether and individual or business entity – owns the premises where said incident occurred?

**RESPONSE:**

9. Does a third-party, other than named in the complaint or response to the previous question, operate, clean, care for, or maintain the premises where said incident occurred? If so, please name said third-party.

**RESPONSE:**

10. Please state the most current information regarding the name, address and telephone number of every employee, including their job title/description, who worked on the date of incident per Plaintiff's complaint as the location in question.

**RESPONSE:**

11. Please list and identify each employee of this Defendant who has knowledge, in any way, of the incident made the basis of this suit.

**RESPONSE:**

12. Please identify each person – other than employees named above – who has knowledge concerning the facts surrounding the incident made the basis of this suit.

**RESPONSE:**

13. Was the Defendant or any of the Defendant's employees ever made aware of the hazard alleged by the Plaintiff, including any reports made by other previous invitees? If so, please list the names of those employees who were aware, when they were made, and the basis of how they became aware of the hazard.

**RESPONSE:**

14. Please state in detail your knowledge, as well as each and every employee's knowledge, concerning the presence of the alleged hazard which Plaintiff encountered, including how long it existed and how it got there.

**RESPONSE:**

15. Please state in detail each and every fact known to you, or made known to you through third parties, concerning how the incident made the basis of this suit occurred and identify each said person.

**RESPONSE:**

16. Please state precisely and descriptively the location on the premises where the event made the basis of this suit occurred.

**RESPONSE:**

17. Please state whether you had any signs posted which warned of a potential hazard in the vicinity where Plaintiff was injured.

**RESPONSE:**

18. If you contend that warning signs were posted, please state the substance and location of each sign.

**RESPONSE:**

19. If you contend that Plaintiff was contributorily negligent in any manner whatsoever, please state each and every fact upon which you rely in support of said contention.

**RESPONSE:**

20. If you contend that Plaintiff assumed the risk of said injuries, please state each and every fact upon which you rely in support of said contention.

**RESPONSE:**

21. If you contend the hazard encountered by the Plaintiff was open and obvious, then please state each and every fact upon which you rely.

**RESPONSE:**

22. Please state whether you have any policy, procedure or safety program instituted regarding maintaining a safe condition at the premises where Plaintiff was injured, including maintenance and monitoring of these areas where guests or invitees would navigate. If so, please state the substance of said policy, procedure or safety program.

**RESPONSE:**

23. Please state if a video of the Plaintiff's alleged incident exists, *or ever existed*, and who has viewed said video as well as who possesses the video at this time.

**RESPONSE:**

24. Please state if a photos of the area where the alleged incident occurred exist, *or ever existed*, and who has viewed said photos as well as who possesses the photos at this time.

**RESPONSE:**

25. Please identify each person from which you have obtained a statement concerning the incident made the basis of this lawsuit.

**RESPONSE:**

26. Please state whether a displaced substance and/or object was located where Plaintiff was injured, immediately prior to the incident made the basis of this lawsuit.

**RESPONSE:**

27. If a displaced substance and/or object was located upon the floor, please state what steps, if any, you (or the Defendant's employees) took to clear the object/substance from the area and identify the individual responsible for performing the task.

**RESPONSE:**

28. Please identify the object/substance and all you have learned about its origin or cause for being displaced in the hazardous area as alleged by Plaintiff.

**RESPONSE:**

Respectfully Submitted,

/s/ Katie Tait Copeland
**Katie Tait Copeland**
**(COP037)**

**OF COUNSEL:**
SHUNNARAH INJURY LAWYERS, P.C.
219 S. 3rd Street
Gadsden, AL 35901
(205) 983-8123
(205) 983-8423- Facsimile

ELECTRONICALLY FILED
6/15/2026 9:22 AM
01-CV-2026-902671.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **WILLIE SLAUGHTER, JR., an individual,** | ) | **JURY TRIAL IS REQUESTED** |
| **Plaintiff,** | ) | |
| **v.** | ) | **CASE NO.: ________________** |
| **WALMART INC.;** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S REQUESTS FOR PRODUCTION TO DEFENDANTWALMART INC.**

COMES NOW Plaintiff in the above-styled cause and pursuant to the ALABAMA RULES OF CIVIL PROCEDURE propounds to Defendant, Walmart Inc., the following requests for production to be answered and responded to within the next thirty (30) days.

You are reminded that under the provision of Rule 26(e), you are under a duty to reasonably supplement your responses with respect to any question directly addressed to: (a.) the identity and location of persons having knowledge of discoverable matter, and (b.) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he/she is expected to testify, and the substance of his/her testimony.

You are under a duty to reasonably amend a prior response if you obtain information upon the basis of which: (a.) you know the response was incorrect when made, or (b.) you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend this response is, in substance, a knowing concealment.

**DEFINITIONS**

Unless otherwise indicated, the following definitions shall be applicable to these interrogatories:

"You" and "Yours" shall mean the defendant and each of its employees, agents, or representatives and all others acting on its behalf.

"Persons" shall mean any individual, partnership, firm association, corporation or other business, government or legal entity.

"Document" shall mean any written, recorded or transcribed, punched, taped, filmed or graphic matter of any kind or description, however produced or reproduced.

"Identify" or "Identification," when used with reference to a person, shall mean to state the full name, present or last known address, home and work telephone numbers and position of employment.

"Identify" or "Identification," when used with a reference to a document, shall mean to state its date, author, signor, addressee and all other means of identifying it and its present or last known location or custodian. If any document was, but is no longer in your possession, custody or control, state what disposition was made of it and the reason for its disposition.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

1. Please produce a complete and accurate copy of any and all accident and/or incident reports concerning the incident made the basis of this suit, in addition to any and all documentation of the events surrounding the incident made the basis of this suit.

**RESPONSE:**

2. Please produce a complete and accurate copy of any security and/or surveillance video which captured and/or recorded the incident made the basis of this suit.

**RESPONSE:**

3. Please produce a copy of any still color photographs which depict the area of the hazard and/or the incident made the basis of this suit.

**RESPONSE:**

4. Please produce a copy of any still color photographs taken of Plaintiff at any time since the incident that is the basis of this suit.

**RESPONSE:**

5. Please produce a complete and accurate copy of any policy, procedure or safety program in place at the time of the incident made the basis of this suit, regarding the maintenance of floors, walk-ways and shelving within Defendant's facility, including but not limited to Defendant's facility where the incident made the basis of this suit occurred, to ensure a safe condition.

**RESPONSE:**

6. Please produce a complete and accurate copy of any and all documents, color photographs and/or videotapes that you intend to introduce into evidence at the trial of this case.

**RESPONSE:**

7. Please produce a complete and accurate copy of the time sheets, punch cards or other method for accounting for your employees present and for their time worked on November 20, 2013.

**RESPONSE:**

8. Please produce a complete and accurate transcript of any statements obtained from Plaintiff.

**RESPONSE:**

9. Please produce a complete and accurate transcript of any statements obtained by you, or on your behalf, concerning the subject litigation.

**RESPONSE:**

10. Please produce a complete and accurate transcript of any correspondence between you and Plaintiff, or Plaintiff's representatives, occurring before Plaintiff filed this lawsuit.

**RESPONSE:**

11. Please produce the entire file of any expert that you intend to call to testify at the trial of this case.

**RESPONSE:**

12. Please produce a current *curriculum vitae* of any expert that you intend to call to testify at the trial of this case.

**RESPONSE:**

13. Please produce a list of each litigation case in which your expert has rendered an opinion or given sworn testimony in the past five (5) years.

**RESPONSE:**

14. Please produce a complete and accurate copy of any and all policies of insurance which will or may provide coverage to this Defendant in the subject litigation.

**RESPONSE:**

15. Please produce a copy of all records obtained regarding Plaintiff. [You have a continuing duty to supplement this request. Additionally, please consider this a formal request for all records obtained pursuant to Rule 45 of the ALABAMA RULES OF CIVIL PROCEDURE].

**RESPONSE:**

Respectfully Submitted,

/s/ Katie Tait Copeland
**Katie Tait Copeland**
**(COP037)**

**OF COUNSEL:**
SHUNNARAH INJURY LAWYERS, P.C.
219 S. 3rd Street
Gadsden, AL 35901
(205) 983-8123
(205) 983-8423- Facsimile

**SERVE FOREGOING DISCOVERY WITH COMPLAINT**

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

**CIVIL ACTION NO. 01-CV-2026-902671.00**

**WILLIE SLAUGHTER JR., Plaintiff**

**v.**

**WALMART, INC., Defendant**

## SUMMONS

This service by commercial carrier of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

NOTICE TO WALMART, INC., 2 N JACKSON ST. STE 605 C/O CT CORPORATION S

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint, to KATIE TAIT COPELAND, the lawyer for the Plaintiff(s), whose address is:

219 S. 3rd Street, Gadsden, AL 35901

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

/s/ JACQUELINE ANDERSON S

Clerk of Court

Dated: 6/15/2026

## View/Print Label

1 **Print the label:** Select Print from the File menu in this browser window to print the label below.

2 **Fold the printed label at the dotted line.** Place the label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic shipping tape over the entire label.

3 **GETTING YOUR SHIPMENT TO UPS**
- Air shipments (including Worldwide Express and Expedited) can be picked up or dropped off. To schedule a pickup, or to find a drop-off location, select the Pickup or Drop-off icon from the UPS tool bar.
- Take this package to any location of The UPS Store®, UPS Drop Box, UPS Customer Center, UPS Alliances (Office Depot® or Staples®) or Authorized Shipping Outlet near you or visit www.ups.com/content/us/en/index.jsx and select Drop Off.

FOLD HERE

JACQUELINE ANDERSON SMITH
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM AL 35203

0.4 LBS LTR 1 OF 1

SHIP TO:
WALMART, INC.
C/O CT CORPORATION SYSTEM
2 N JACKSON ST, STE 605
MONTGOMERY AL 36104-3821

AL 360 9-02

UPS 2ND DAY AIR 2

TRACKING #: 1Z AC8 279 A6 2835 7752

BILLING: 3RD PARTY
ADULT SIGNATURE REQUIRED-MIN 21

Trx Ref No.: 70c8471a-3169-4e7a-874d-ad8d3189c18

XOL 26.03.26 NV45 25.0A 08/2026*

# Proof of Delivery

**UJS Information**

| | | |
|---|---|---|
| Case Number: | 01-CV-2026-902671.00 | Intended Recipient: |
| Document Type: | Complaint | WALMART, INC. (D001) |
| | | 2 N JACKSON ST. STE 605 |
| | | C/O CT CORPORATION SYSTEM |
| | | MONTGOMERY, AL 36104 |

## Tracking Number: 1ZAC8279A628357752

## Item Detail

| | |
|---|---|
| **UPS Service:** | UPS 2nd Day Air® |
| **Shipped/Billed On:** | NOT FOUND |
| **Status:** | Delivered |
| **Status Date/Time:** | 6/22/2026 2:17:16 PM |
| **Received By:** | FORD |
| **Left At:** | Inside Delivery |
| **Location:** | MONTGOMERY, AL |

## Recipient Signature



AlaFile E-Notice

01-CV-2026-902671.00

To: CHRIS ZULANAS MR.
czulanas@friedman-lawyers.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

WILLIE SLAUGHTER JR. V. WALMART, INC.
01-CV-2026-902671.00

The following answer was FILED on 7/13/2026 3:06:09 PM

Notice Date: 7/13/2026 3:06:09 PM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

ELECTRONICALLY FILED
7/13/2026 3:06 PM
01-CV-2026-902671.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| WILLIE SLAUGHTER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 01-CV-2026-902671.00 |
| | ) | |
| WALMART, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER TO COMPLAINT**

COMES NOW the Defendant in the above-styled action, **Wal-Mart Stores East, L.P. (incorrectly named as Walmart, Inc.)**, and for answer to the Complaint and each count and paragraph in it, separately and severally, sets forth and says as follows:

**FIRST DEFENSE**

This defendant is not guilty of the allegations of wrongdoing set forth on behalf of the plaintiff in the Complaint.

**SECOND DEFENSE**

There is no proximate cause between any action or inaction on the part of this defendant and the injuries and damages alleged on behalf of the plaintiff.

**THIRD DEFENSE**

The plaintiff assumed the risk of any injuries and/or damages as alleged in the Complaint.

**FOURTH DEFENSE**

The plaintiff was contributorily negligent and is therefore barred under Alabama law from making any recovery against this defendant.

**FIFTH DEFENSE**

This defendant pleads the general issue.

**SIXTH DEFENSE**

This defendant denies that the plaintiff is injured and damaged to the extent claimed in the Complaint and demands strict proof thereof.

**SEVENTH DEFENSE**

The imposition of damages for mental anguish and/or emotional distress are unconstitutional both under the Constitution of the State of Alabama and Constitution of the United States. Based upon Alabama procedures relative to damages for mental anguish and emotional distress, which provide no objective, logical or reasonable standards or criteria which govern the award and the amount of the award of such damages, this defendant is denied due process and equal protection of the laws as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, §§ 1, 6, 10, 11, 13, and 22 of the Alabama Constitution, separately and severally.

**EIGHTH DEFENSE**

Any award of damages in this case for emotional distress and mental anguish would be improper and unconstitutional, as there are no procedural safeguards for the imposition of such damages, and such damages are left to the standardless discretion of the jury.

**NINTH DEFENSE**

Although this defendant reserves its right to amend this Answer to assert such other defenses, affirmative or otherwise, pursuant to the Alabama Rules of Civil Procedure and the Rules of this Court, this defendant asserts the following affirmative defenses as required

under Rule 8(c), of the Alabama Rules of Civil Procedure to include: statute of limitations, contributory negligence, release, res judicata, payment, waiver, and collateral estoppel.

**TENTH DEFENSE**

This defendant denies each and every material allegation made on behalf of the plaintiff in this case and particularly those allegations that this defendant negligently or wantonly failed to provide a safe place or that it was negligent or wanton in failing to warn or provide notice to the plaintiff of an alleged unsafe condition.

**ELEVENTH DEFENSE**

This defendant denies that the plaintiff has any right under Alabama law, the Constitution of the State of Alabama, and the United States Constitution to claim punitive damages against this defendant under the facts of this case.

**TWELFTH DEFENSE**

Alabama's law on joint and several liability and any award of punitive damages would be unconstitutional and would violate the rights of this defendant to due process, equal protection and other constitutional rights due to the fact that through joint and several liability exemplary damages may be awarded against multiple defendants without consideration of the extent or participation of a particular defendant in alleged joint wrongdoing with a net result being that various defendants may be lumped together in a joint verdict without regard for the degree of culpability of individual defendants.

**THIRTEENTH DEFENSE**

Any imposition of punitive damages in this case would contravene the Due Process clauses of the United States Constitution and the Constitution of the State of Alabama on

the following grounds:

(1) The procedures through which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against this defendant.

(2) The procedures through which punitive damages are awarded in Alabama are unconstitutionally vague.

(3) The procedures through which punitive damages are awarded fail to provide specific standards for the assessment of punitive damages.

(4) The procedures through which punitive damages are awarded in Alabama fail to provide specific standards for the amount of punitive damages.

(5) The procedures through which punitive damages are awarded in Alabama fails to provide a clear appellate standard of review.

(6) Any award of punitive damages would constitute an arbitrary and capricious taking of property of this defendant without due process of law.

(7) This defendant denies that it is guilty of conduct referable to which punitive damages could or should be award and denies that the plaintiff has produced, or even alleged, clear and convincing evidence sufficient to support or sustain the imposition of punitive damages against this defendant.

**FOURTEENTH DEFENSE**

This defendant contests the damages alleged by the plaintiff and demands strict proof thereof. Specifically, with regard to the claim for punitive damages, this defendant pleads that any award of punitive damages to the plaintiff in this case would be violative of the constitutional safeguards provided to the defendant under the Constitution of the

State of Alabama and the Constitution of the United States of America, as follows:

(1) Due Process Clause Fourteenth Amendment to the United States Constitution: Punitive damages are vague and not rationally related to legitimate governmental interests.

(2) Sixth Amendment to the United States Constitution: Punitive damages are penal in nature and consequently, defendants are entitled to the same procedural safeguards accorded to criminal defendants.

(3) Self-incrimination Clause of the Fifth Amendment to the United States Constitution: It is violative to impose punitive damages against defendants which are penal in nature yet compel defendants to disclose potentially incriminating documents and evidence.

(4) United States Constitution and Constitution of the State of Alabama: It is violative of the rights guaranteed to impose punitive damages against defendants which are penal in nature by placing a burden of proof on the plaintiff which is less than the "beyond a reasonable doubt" burden of proof in criminal cases.

## FIFTEENTH DEFENSE

The imposition of damages for mental anguish and/or emotional distress are unconstitutional both under the Constitution of the State of Alabama and Constitution of the United States. Based upon Alabama procedures relative to damages for mental anguish and emotional distress, which provide no objective, logical, or reasonable standards or criteria which govern the award and the amount of the award of such damages, this defendant is denied due process and equal protection of the laws as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, §§ 1, 6, 10,

11, 13, and 22 of the Alabama Constitution, separately and severally.

**SIXTEENTH DEFENSE**

Any award of damages in this case for emotional distress and mental anguish would be improper and unconstitutional, as there are no procedural safeguards for the imposition of such damages, and such damages are left to the standardless discretion of the jury.

**SEVENTEENTH DEFENSE**

This defendant pleads the protection provided by Ala. Code § 6-11-21. Defendant pleads the limitations on punitive damages pursuant to Alabama Code § 6-11-21.

**EIGHTEENTH DEFENSE**

To allow a jury to award punitive damages would violate the due process guaranteed by the Fourteenth Amendment of the Constitution of the United States in Article 1, Section 13 of the Constitution of Alabama of 1901, and would also violate the Excessive Fines Provision of the Eighth Amendment of the Constitution of the United States in Article 1, Section 15 of the Constitution of Alabama.

**NINETEENTH DEFENSE**

This Defendant asserts no duty was owed to the plaintiff under Alabama law under the circumstance of this case.

**TWENTIETH DEFENSE**

This defendant asserts no hidden defective condition of which it had notice existed.

**TWENTY-FIRST DEFENSE**

This defendant pleads the alleged condition was open and obvious.

**TWENTY-SECOND DEFENSE**

This defendant denies it created any dangerous condition.

**TWENTY-THIRD DEFENSE**

This defendant denies it had actual or constructive notice of any alleged dangerous condition.

NOW, therefore having answered the Complaint setting forth general and affirmative defenses, this Defendant sets forth the following response to each individually numbered count and paragraph contained in the complaint as follows:

**Parties**

1. This Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies same and demands strict proof thereof.

2. Admitted. However, denied that Walmart, Inc. is a proper defendant.

3. To the extent this paragraph contains allegations against this defendant, they are denied and strict proof thereof is demanded

**Factual Background**

4. Admitted as to the date and location of the subject incident. All remaining allegations contained in this paragraph are denied and strict proof thereof is demanded.

5. Denied.

6. Denied as to Walmart, Inc.

7. Denied.

8. Denied.

**COUNT I**

**Negligence**

9. Defendant adopts and incorporates by reference all previous paragraphs contained in this answer as if fully set forth herein.

10. Admitted as to the date and location of the subject incident. All remaining allegations contained in this paragraph are denied and strict proof thereof is demanded.

11. Denied.

12. Denied.

**COUNT II**

**Recklessness and Wantonness**

13. Defendant adopts and incorporates by reference all previous paragraphs contained in this answer as if fully set forth herein.

14. Admitted as to the date and location of the subject incident. All remaining allegations contained in this paragraph are denied and strict proof thereof is demanded.

15. Denied.

16. Denied.

17. Denied.

**COUNT III**

**Premises Liability**

18. Defendant adopts and incorporates by reference all previous paragraphs contained in this answer as if fully set forth herein.

19. Admitted as to the date and location of the subject incident. All remaining

allegations contained in this paragraph are denied and strict proof thereof is demanded.

20. Denied.

21. Denied as to Walmart, Inc. To the extent this paragraph contains allegations against Wal-Mart Stores East, LP, they are denied and strict proof thereof is demanded.

22. Denied as to Walmart, Inc. To the extent this paragraph contains allegations against Wal-Mart Stores East, LP, they are denied and strict proof thereof is demanded.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

## COUNT IV

### Negligent, Reckless and Wanton Supervision and Training

29. Defendant adopts and incorporates by reference all previous paragraphs contained in this answer as if fully set forth herein.

30. Admitted as to the date and location of the subject incident. All remaining allegations contained in this paragraph are denied and strict proof thereof is demanded.

31. Denied as to Walmart, Inc. To the extent this paragraph contains allegations against Wal-Mart Stores East, LP, they are denied and strict proof thereof is demanded.

32. Denied.

33. Denied.

**DEFENDANT DEMANDS TRIAL BY STRUCK JURY**

Respectfully submitted,

*s/ Chris Zulanas*

Christopher J. Zulanas (ZUL001)
Madison M. Lakes (GIT002)
FRIEDMAN, DAZZIO & ZULANAS, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242
czulanas@friedman-lawyers.com
mlakes@friedman-lawyers.com
P: (205) 278.7000 | F: (205) 278.7001
*Counsel for Defendant Wal-Mart Stores East, LP (incorrectly identified as Walmart, Inc.)*

**CERTIFICATE OF SERVICE**

I hereby certify that I have caused a copy of *Defendant's Answer to Plaintiff's Complaint* to be electronically filed and issued to counsel via Alafile's electronic mail notification on this date, July 13, 2026, to:

Katie Tait Copeland
Shunnarah Injury Lawyers, PC
219 S 3rd St
Gadsden AL 35901
ktait@asilpc.com
*Counsel for Plaintiff*

*s/ Chris Zulanas*
OF COUNSEL

AlaFile E-Notice

01-CV-2026-902671.00

To: CHRIS ZULANAS MR.
czulanas@friedman-lawyers.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

WILLIE SLAUGHTER JR. V. WALMART, INC.
01-CV-2026-902671.00

The following discovery was FILED on 7/13/2026 3:07:10 PM

Notice Date: 7/13/2026 3:07:10 PM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

ELECTRONICALLY FILED
7/13/2026 3:07 PM
01-CV-2026-902671.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| WILLIE SLAUGHTER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 01-CV-2026-902671.00 |
| | ) | |
| WALMART, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S FIRST REQUESTS FOR ADMISSION, INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF**

COMES NOW the Defendant in the above-styled action, **Wal-Mart Stores East, L.P. (incorrectly named as Walmart, Inc.)**, and submits the following Requests for Admission, Interrogatories and Requests for Production of Documents to the Plaintiff to be answered pursuant to Alabama Rules of Civil Procedure 33 and 34 as follows:

## I. REQUESTS FOR ADMISSION

1. Admit or deny that your total claimed damages exceed $75,000.

2. Admit or deny that you are seeking more than $75,000.00 in damages in this case.

3. Admit or deny that you will accept more than $75,000.00 in damages in this case if awarded by a jury.

## II. INTERROGATORIES

1. State your full name, residence address, Date of Birth and Social Security Number, and describe the occupation or profession you now follow, giving the name and address of your employer.

2. Were you taking any form of medication at the time of the incident or occurrence? If so, please explain, in detail, giving the name of any such drugs or medications, by whom such drugs

or medications were prescribed, and from what place said drugs or medications were purchased.

3. Prior to the occasion of the incident or occurrence made the basis of your suit, were you in any manner physically handicapped or disabled? If your answer is affirmative, please explain in detail the nature and extent of each such handicap/disability, when it occurred, the cause, and the names and addresses of the doctors and physicians that treated such condition.

4. State the name and address of all doctors and physicians who have treated you during the ten-year period prior to the occasion of the incident or occurrence made the basis of your suit and state specifically the illnesses, diseases or physical or mental problems for which you were so treated by such doctors.

5. Have you ever applied for Social Security benefits for disability? If so, state the basis of the claim, the nature of the disability and the extent of the disability.

6. State the name of any insurance company or other organization to which you have made any claim for benefits under any medical pay coverage or policy of insurance relating to injuries arising out of the incident or occurrence alleged in your complaint. If any payments have been made to you or on your behalf, please provide any and all documents relating to those payments.

7. Describe and locate each and every injury received by you in the incident or occurrence made the basis of this suit.

8. Specify which, if any of said injuries are permanent in nature or caused you any disability or impairment.

9. Describe the nature and frequency of any pain you are presently experiencing as a result of any such injury.

10. State the name and address of each and every physician or doctor or hospital which has seen or treated you for the injuries you allege you received in the incident or occurrence made the

basis of this suit.

11. Describe in detail any injuries of any nature whatsoever which you have suffered subsequent to the incident or occurrence made the basis of this suit and state the name of each healthcare provider which treated you for the injuries.

12. List each and every healthcare provider which you have paid or agreed to pay in connection with the injuries described in your Complaint and attach copies of said bills to your answers to this Interrogatory.

13. Have you sustained any additional financial losses as a result of the occurrence complained of, other than those covered by your answer to the preceding Interrogatory, and if so, please state the nature and amount of any such loss; the date thereof; and the names and addresses of any persons to whom any money so claimed as an additional loss was paid.

14. Were you affected with or suffering from any medical condition, including illness, injury, ailment, infirmity, impairment or disability immediately before and during the incident or occurrence referred to in the Complaint?

15. If your answer to the preceding Interrogatory is in the affirmative, please state the nature of any such condition with which you are afflicted or from which you are suffering, and the name of any doctor or medical practitioner from whom you received any treatment regarding any such condition.

16. Please describe in detail the nature and extent of each and every physical injury which you claim to have sustained and for which you claim damages in this case.

17. Please identify and itemize each and every item of expense, wage loss or damage which you claim in this action.

18. Please identify and itemize each and every item of expense, loss or damage which you

expect to incur in the future as a result of the allegations made in your complaint.

19. In your lawsuit, you contend that you fell to your injury; please state how you fell, exactly where you fell, and what caused you to fall.

20. Please state in detail the events which occurred leading up to and after the incident referenced in your complaint.

21. Have you ever been a party to a civil action besides this case? If so, please list the name of the case, the parties, where the suit was filed and list the nature of each lawsuit.

22. Please identify all persons known to you with knowledge of the incident or occurrence which forms the basis of your Complaint.

23. What were you doing and where were you looking at the time of the incident in question and made the basis of this lawsuit?

24. Did you speak with any of the defendants or their representatives prior to or following your incident or occurrence. If so, please state the substance of the conversation(s) and identify the person with whom you spoke if you are able to do so.

25. Please describe in detail any conversations and dealings you had with any defendant or its representatives regarding the incident in question and any report on the incident or occurrence.

26. Please state the names of any and all witnesses whom you propose to use at the trial of this matter.

27. Please state the names of any and all expert witnesses whom you propose to use at the trial of this matter.

28. Please state specifically each and every element of damage you claim in this lawsuit and state a dollar amount for each element of damage which you claim to be entitled to and plan to request at trial.

29. Have you applied for and/or received any loans and/or advance based upon the subject potential claim and/or lawsuit? If so, please state, with specificity to whom or to what entity you applied and when and how much, if any, you were loaned. Also, please provide copies of your application and any other documents related to your application and/or loan and/or advance.

30. Are you a Medicare beneficiary or do you intend to become a Medicare beneficiary in the next twelve (12) months? If so, please state the amount Medicare has paid to you or on your behalf and provide all records regarding any and all Medicare benefits paid to you or on your behalf.

31. In order for Defendant to comply with the Medicare Mandatory Insurer Reporting requirement (42 U.S.C. §1395y(b)(8)), please provide the following:

(a) Your first and last name exactly as they appear on your Social Security card.

(b) Your Medicare Health Insurance Claim Number ("HICN").

(c) Have you ever been on dialysis or diagnosed with end-stage renal disease?

(d) Have you ever applied for Social Security Disability (SSD) or Railroad Total Disability Annuity (RTDA) or Occupational Annuity (OA) at any time for any reason? If yes, please state the date said application was made; the name and location of the office where said application were made; the results and determinations of said application, including the date; the amount of any SSD, RTDA or OA received or expected to be received; and if your SSD benefit application was denied, state whether you have appealed or plan to appeal the denial.

32. Have you ever created a profile on any online social networking site, including, but not limited to Facebook/Meta; YouTube; WhatsApp; Instagram; SnapChat; WeChat; TikTok; X (formerly Twitter); Flickr; Tumblr; LinkedIn; Google/Google+; Photobucket; Foursquare; Blogger? If your answer is "yes", for each separate account ever created, please state the name of

the social networking site; the username and email address under which the account was created; the unique friend ID or complete URL for the user profile; and the date on which the account was created and, where applicable, the date on which it was deleted.

33. Do you understand that these Interrogatories are being answered under oath?

## III. REQUEST FOR PRODUCTION OF DOCUMENTS

1. Produce a copy of the front and back of your current driver's license.

2. Any photographs, videotapes and moving pictures of the incident or occurrence or of the plaintiff which purport to show injuries sustained by the plaintiff as a result of the incident or occurrence made the basis of this suit.

3. All hospital, doctor, x-ray, psychiatric, chiropractic and every other report of every kind, nature and description relating to injuries sustained by the plaintiff as a result of the incident or occurrence made the basis of this suit.

4. Copies of all documents, checks, tax returns, wage receipts and every other document of every kind, nature and description which purport to show loss of income sustained by the plaintiff as a result of the incident or occurrence made the basis of this suit.

5. All statements, either written, taped or videotaped, of any person who has knowledge regarding the allegations in the complaint or knowledge concerning the incident or occurrence or injuries to the plaintiff.

6. Copies of all documents relating to a claim by the plaintiff for social security benefits, unemployment benefits, workers' compensation benefits or other benefits relating to the injuries received by the plaintiff as set out in the complaint.

7. Copies of all applications for health or life insurance made by the plaintiff since the date of the incident or occurrence referred to in the complaint.

8. All correspondence between the plaintiff or anyone acting on her behalf and any party in this case relating to the allegations in the complaint.

9. All medical records of every kind, nature and description relating to the care, treatment, hospitalization or confinement for or of the plaintiff for the fifteen-year period before the date of the complaint.

10. Please produce any reports prepared by expert witness(es) in any way relating to this case.

11. Please produce all materials and data (or other information) considered by the witness(es) in forming any opinions in this case.

12. Please produce a resume, curriculum vitae, or summary of the expert's qualifications.

13. Please produce a list of all publications authored by the witness(es) within the preceding ten-year period.

14. Please produce a copy of the employment agreement between the witness(es) and the plaintiffs or their attorney in this case.

15. Please produce a listing of any cases in which the witness(es) has testified as an expert at trial or by deposition within the preceding four years.

16. Please produce copies or originals of any exhibits prepared by the witness(es), or at the witness(es) request, to be used at trial.

17. Produce an executed copy of the attached Medicare Beneficiary form to provide any and all Medicare insurance coverage records and/or lien information.

18. Produce all electronically stored information on any social media site for which you have a username or are a member, including, but not limited to: Facebook/Meta; YouTube; WhatsApp; Instagram; SnapChat; WeChat; TikTok; X (formerly Twitter); Qzone; Flickr; Tumblr;

LinkedIn; Google/Google+; Photobucket; Foursquare; Blogger and for each applicable media site, produce any and all photographs, wall posts, tweets and messages; and download an enhanced archive copy of your Facebook/Meta data.

Respectfully submitted,

*s/ Chris Zulanas*

Christopher J. Zulanas (ZUL001)
Madison M. Lakes (GIT002)
FRIEDMAN, DAZZIO & ZULANAS, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242
czulanas@friedman-lawyers.com
mlakes@friedman-lawyers.com
P: (205) 278.7000 | F: (205) 278.7001
*Counsel for Defendant Wal-Mart Stores East, LP (incorrectly identified as Walmart, Inc.)*

**CERTIFICATE OF SERVICE**

I hereby certify that I have caused a copy of *Defendant's First Requests for Admission, Interrogatories and Requests for Production to Plaintiff* to be electronically filed and issued to counsel via Alafile's electronic mail notification on this date, July 13, 2026, to:

Katie Tait Copeland
Shunnarah Injury Lawyers, PC
219 S 3rd St
Gadsden AL 35901
ktait@asilpc.com
*Counsel for Plaintiff*

*s/ Chris Zulanas*

OF COUNSEL

The Centers for Medicare & Medicaid Services (CMS) is the federal agency that oversees the Medicare program. Many Medicare beneficiaries have other insurance in addition to their Medicare benefits. Sometimes, Medicare is supposed to pay after the other insurance. However, if certain other insurance delays payment, Medicare may make a "conditional payment" so as to not inconvenience the beneficiary, and then recover after the other insurance pays.

Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 (MMSEA), a federal law that became effective January 1, 2009, requires that liability insurers (including self-insurers), no-fault insurers, and workers' compensation plans report specific information about Medicare beneficiaries who have other insurance coverage. This reporting is to help CMS to properly coordinate payment of benefits among plans so that your medical claims are paid promptly and correctly.

We are asking you to answer the questions below so that we may comply with this law.

**Please review this picture of the Medicare card to determine if you have, or have ever had, a similar Medicare card.**

**Please note the Medicare Number located on this card.**




## Section I

| | | |
|---|---|---|
| *Are you presently, or have you ever been, enrolled in Medicare?* | ☐ Yes | ☐ No |
| *If yes, please complete the following. If no, proceed to Section II.* | | |
| ***Full Name:*** *(Please print the name exactly as it appears on your SSN or Medicare card if available.)* | | |
| | | |
| **Medicare Number:** | **Date of Birth (Mo/Day/Year)** | / / |
| ****Social Security Number:** (If Medicare Number is Unavailable) - - | **Sex** ☐ Female | ☐ Male |

** Note: If you are unable to provide your Medicare Number **and** uncomfortable with providing your full Social Security Number (SSN), you have the option to provide the last **5** digits of your SSN in the section above.

## Section II

I understand that the information requested is to assist the requesting insurance arrangement to accurately coordinate benefits with Medicare and to meet its mandatory reporting obligations under Medicare law.

______________________________
**Claimant Name (Please Print)**

______________________________________________________________
**Name of Person Completing This Form If Claimant is Unable (Please Print)**

________________________________________ ______________________________
**Signature of Person Completing This Form** **Date**

*If you have completed Sections I and II above, stop here. If you are refusing to provide the information requested in Sections I and II, proceed to Section III.*

## Section III

______________________________
**Claimant Name (Please Print)**

For the reason(s) listed below, I have not provided the information requested. I understand that if I am a Medicare beneficiary and I do not provide the requested information, I may be violating obligations as a beneficiary to assist Medicare in coordinating benefits to pay my claims correctly and promptly.

**<u>Reason(s) for Refusal to Provide Requested Information:</u>**

____________________________________________________________________________

____________________________________________________________________________

____________________________________________________________________________

____________________________________________________________________________

________________________________________ ______________________________
**Signature of Person Completing This Form** **Date**

**Access / Download a copy of your Information on Facebook 01/2024**

Click the link for Android/iPhone/Computer Help:

https://www.facebook.com/help/212802592074644/?helpref=uf_share

OR follow these instructions:

### To request a download of your Facebook information from Accounts Center:

1. Click on your profile picture in the top right corner, then click **"Settings and Privacy"**.
2. Click **Settings**.
3. Click "**Accounts Center**", then click "**Your Information and Permissions**".
4. Click "**Download Your Information**" and click "**Request a Download**".
5. Select the profiles you'd like to download information from, then click "**Next**".
6. Select the information you want to download.
7. Once you've selected the information you want to download, choose your file options: the date range; the notification email; the format of your download request; and the quality of photos, videos and other media.
8. Click "**Submit Request**".

### To request a download of your Facebook information from your settings:

1. Click account in the top right of Facebook.
2. Select **Settings & Privacy.**
3. Click **Settings**. In the left column, click **Your Facebook Information**.
4. Next to download profile information, click **View**.
5. Click **Request a download**.
6. Select the profiles you'd like to download information from. Click **Next**.
7. Select the information you want to download.
8. Once you've selected the information you want to download, choose your file options: the date range; the notification email; the format of your download request; and the quality of photos, videos and other media.
9. Click "**Submit Request**".
10. After you've made a download request, it will appear as **Pending** in the **Download Your Information** tool. When your file is ready, you'll have **4 days to download your information from the Available downloads section on the Download your information page.** Downloading your files is a password-protected process that only you have access to. Once we've finished preparing your download request, we'll send a notification letting you know it's ready.

### Download a copy of the information you requested:

1. Go to the **Available downloads** section of the **Download Your Information** tool.
2. Click **Download** and enter your password.

AlaFile E-Notice

01-CV-2026-902671.00

To: CHRIS ZULANAS MR.
czulanas@friedman-lawyers.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

WILLIE SLAUGHTER JR. V. WALMART, INC.
01-CV-2026-902671.00

The following discovery was FILED on 7/13/2026 3:10:25 PM

Notice Date: 7/13/2026 3:10:25 PM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

ELECTRONICALLY FILED
7/13/2026 3:10 PM
01-CV-2026-902671.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| WILLIE SLAUGHTER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 01-CV-2026-902671.00 |
| | ) | |
| WALMART, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# GENERAL OBJECTIONS TO PLAINTIFF'S INTERROGATORIES

COMES NOW the Defendant in the above-styled action, **Wal-Mart Stores East, L.P. (incorrectly named as Walmart, Inc.)**, and submits the following general objections to Plaintiff's Interrogatories. Without waiving said objections, Defendant will provide responses to these requests under separate cover.

## GENERAL OBJECTIONS

Defendants object to each and every Interrogatory on the grounds that the requests are vague, unspecific, unduly burdensome, and overly broad. As phrased, the Interrogatories are not sufficiently descriptive so as to allow Defendant the opportunity to make a meaningful response. The Interrogatories are in excess of the number allowed under the Alabama Rules of Civil Procedure.

The Interrogatories propounded on behalf of the Plaintiff herein are specifically phrased and worded so that they request the "work product" of Defendant's attorneys. Defendant objects to each and every request to the extent that the same seeks discovery that is subject to the attorney/client privilege, work product privilege, statutory privilege or other privilege recognized under the laws of the State of Alabama including the privileges

recognized in Ala. Code §§ 22-21-8 and 34-24-58.

In responding to Plaintiff's Interrogatories, Defendant shall not be deemed to waive or relinquish such objections or privileges. Defendant objects to the discovery of and production of and hereby declines to respond to any Interrogatories which are not "relevant" or otherwise discoverable under Rule 26, *Ala.R.Civ.P.*, and any information or documents which were obtained or prepared in anticipation of litigation or in preparation for trial and any documents which are protected from discovery under the laws of the State of Alabama or the United States.

Finally, to the extent requested discovery exceeds the amount allowable under the Alabama Rules of Civil Procedure, Defendant objects to being required to respond to any of them. Without waiving the foregoing objections, Defendant will undertake to answer the Plaintiff's Interrogatories which are not otherwise objectionable, under separate cover.

Respectfully submitted,

*s/ Chris Zulanas*

Christopher J. Zulanas (ZUL001)
Madison M. Lakes (GIT002)
FRIEDMAN, DAZZIO & ZULANAS, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242
czulanas@friedman-lawyers.com
mlakes@friedman-lawyers.com
P: (205) 278.7000 | F: (205) 278.7001
*Counsel for Defendant Wal-Mart Stores East, LP (incorrectly identified as Walmart, Inc.)*

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a copy of *Defendant's General Objections to Plaintiff's Interrogatories* to be electronically filed and issued to counsel via Alafile's electronic mail notification on this date, July 13, 2026, to:

Katie Tait Copeland
Shunnarah Injury Lawyers, PC
219 S 3rd St
Gadsden AL 35901
ktait@asilpc.com
*Counsel for Plaintiff*

*s/ Chris Zulanas*
OF COUNSEL

AlaFile E-Notice

01-CV-2026-902671.00

To: CHRIS ZULANAS MR.
czulanas@friedman-lawyers.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

WILLIE SLAUGHTER JR. V. WALMART, INC.
01-CV-2026-902671.00

The following discovery was FILED on 7/13/2026 3:11:05 PM

Notice Date: 7/13/2026 3:11:05 PM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

ELECTRONICALLY FILED
7/13/2026 3:11 PM
01-CV-2026-902671.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| WILLIE SLAUGHTER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 01-CV-2026-902671.00 |
| | ) | |
| WALMART, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## GENERAL OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

COMES NOW the Defendant in the above-styled action, **Wal-Mart Stores East, L.P. (incorrectly named as Walmart, Inc.)**, and submits the following general objections to Plaintiff's Requests for Production. Without waiving said objections, Defendant will provide responses to these requests under separate cover.

## GENERAL OBJECTIONS

Defendants object to each and every document requests on the grounds that they are vague, unspecific, unduly burdensome, and overly broad. As phrased, the Requests for Production are not sufficiently descriptive so as to allow Defendant the opportunity to make a meaningful response. The Requests for Production are in excess of the number allowed under the Alabama Rules of Civil Procedure.

The Requests for Production propounded on behalf of the Plaintiff herein are specifically phrased and worded so that they request the "work product" of Defendant's attorneys. Defendant objects to each and every request to the extent that the same seeks discovery that is subject to the attorney/client privilege, work product privilege, statutory

privilege or other privilege recognized under the laws of the State of Alabama including the privileges recognized in Ala. Code §§ 22-21-8 and 34-24-58.

In responding to Plaintiff's Requests for Production, Defendant shall not be deemed to waive or relinquish such objections or privileges. Defendant objects to the discovery of and production of and hereby declines to respond to any document requests which are not "relevant" or otherwise discoverable under Rule 26, *Ala.R.Civ.P.*, and any information or documents which were obtained or prepared in anticipation of litigation or in preparation for trial and any documents which are protected from discovery under the laws of the State of Alabama or the United States.

Finally, to the extent requested discovery exceeds the amount allowable under the Alabama Rules of Civil Procedure, Defendant objects to being required to respond to any of them. Without waiving the foregoing objections, Defendant will undertake to answer the Plaintiff's Requests for Production which are not otherwise objectionable, under separate cover.

Respectfully submitted,

*s/ Chris Zulanas*

Christopher J. Zulanas (ZUL001)
Madison M. Lakes (GIT002)
FRIEDMAN, DAZZIO & ZULANAS, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242
czulanas@friedman-lawyers.com
mlakes@friedman-lawyers.com
P: (205) 278.7000 | F: (205) 278.7001
*Counsel for Defendant Wal-Mart Stores East, LP (incorrectly identified as Walmart, Inc.)*

**CERTIFICATE OF SERVICE**

I hereby certify that I have caused a copy of *Defendant's General Objections to Plaintiff's Requests for Production* to be electronically filed and issued to counsel via Alafile's electronic mail notification on this date, July 13, 2026, to:

Katie Tait Copeland
Shunnarah Injury Lawyers, PC
219 S 3rd St
Gadsden AL 35901
ktait@asilpc.com
*Counsel for Plaintiff*

*s/ Chris Zulanas*
OF COUNSEL

AlaFile E-Notice

01-CV-2026-902671.00

To: ZULANAS CHRISTOPHER JOHN
czulanas@friedman-lawyers.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

WILLIE SLAUGHTER JR. V. WALMART, INC.
01-CV-2026-902671.00

The following discovery was FILED on 8/7/2026 8:25:13 AM

Notice Date: 8/7/2026 8:25:13 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

ELECTRONICALLY FILED
8/7/2026 8:25 AM
01-CV-2026-902671.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| WILLIE SLAUGHTER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 01-CV-2026-902671.00 |
| | ) | |
| WALMART, INC., | ) | |
| | ) | |
| Defendant. | ) | |

NOTICE OF INTENT TO SERVE SUBPOENAS ON NON-PARTIES

Take notice that upon the expiration of fifteen (15) days from the date of service of this notice defendant will apply to the Clerk of this Court for issuance of the attached subpoenas directed to the following entities, who are not parties and whose addresses are listed below, to produce the documents and things at the time and place specified in the attached subpoenas:

UAB Hospital
1802 6th Ave South
Birmingham, AL 35233

UAHSF
1210 11th Ave South
Birmingham, AL 35202

Cahaba Medical Center
405 Belcher Street
Centreville, AL 35042

Princeton Baptist Medical Center
701 Princeton Ave Southwest
Birmingham, AL 35211

Birmingham Radiological Group
2000 Southbridge Parkway #A300
Birmingham, AL 35209

Respectfully Submitted

s/ *Madison M. Lakes*
Christopher J. Zulanas (ZUL001)
Madison M. Lakes (GIT002)
*Counsel for Defendant Wal-Mart Stores East, LP*
*(incorrectly identified as Walmart, Inc.)*

OF COUNSEL:
Friedman, Dazzio & Zulanas, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242
czulanas@friedman-lawyers.com
mlakes@friedman-lawyers.com
205.278.7000 (P) | 205.278.7001 (F)

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 7th day of August 2026, I have electronically filed the above and foregoing with the Clerk of Court using the *AlaFile* electronic-filing-system, which will send electronic notification and a copy of such filing to counsel for all parties of record at the time of filing and/or United States Mail, first-class postage prepaid and properly addressed as follows:

Katie Tait Copeland
Shunnarah Injury Lawyers, PC
219 S 3rd St
Gadsden AL 35901
ktait@asilpc.com
*Counsel for Plaintiff*

/s/ *Madison M. Lakes*
OF COUNSEL

State of Alabama
Unified Judicial System
Form C-13 (front) Rev. 6/07

# ORDER TO APPEAR (SUBPOENA)

Case Number
01-CV-2026-902671

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
(Circuit, District, or Municipal) (Name of County or Municipality)

☐ State of Alabama
☐ Municipality of ______ v. ______, Defendant
☑ Plaintiff WILLIE SLAUGHTER, JR v. WALMART, INC, Defendant

(For Juvenile cases only):
☐ In the Matter of: ______, a child

UAB Hospital
1802 6th Ave South
Birmingham, AL 35233

A. Issued at the request of:
1. ☐ Plaintiff/State
2. ☑ Defendant
3. ☐ Grand jury

B. Special Instructions
You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other ______

You may contact: Friedman, Dazzio, & Zulanas, P.C., 3800 Corporate Woods Drive, Birmingham, AL 35242

YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and /or produce and permit inspection and copying of books, documents, or tangible things; and /or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

DATE: ______
TIME: ______
ROOM: ______
ADDRESS: ______

______ Date Issued

[ ]
Signature of Court Clerk Deputy Clerk Initials

**ADDITIONAL INSTRUCTIONS**

Any inspection or production of documents or records must be completed within 15 days.

**This subpoena is for records only. You are not required to appear in court. Please review the NOTICE section on page two as well as Exhibit A and produce certified records to:**

**Madison M. Lakes, Esq.**
**ATTN: Devon Thagard, Paralegal**
**Friedman, Dazzio & Zulanas, P.C.**
**3800 Corporate Woods Drive**
**Birmingham, AL 35242**

DRAFT

**TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON:** You are ordered to serve this Order on the above-named person and make return to this court.

**RETURN ON SERVICE**

I certify that I personally delivered a copy of this order to ______
______ on ______, ______

Signature and Title of Server

(For Criminal cases only)
☐ **Served by mail**
**Date mailed** ______

[ ]
Sheriff Deputy Sheriff

# EXHIBIT A

Please produce and permit defendant to inspect and copy each of the following classes of documents:

**1. Any and all invoices or bills for services rendered showing dates of treatment; specific and itemized charges for treatment; and documents showing all payments made by the patient, any medical insurer, Medicare/Medicaid, and any other entity pertaining to the patient listed below, and;**

**2. All records, writings, charts, notes, nurses notes, medication, letters, documents, reports, x-ray reports and films, laboratory reports or results, any tests or results and/or any other written material contained in your file, in your possession, or under your control which relates to the care and treatment or to the diagnosis and/or prognosis of any condition or illness pertaining to the patient below:**

**Name: Willie Slaughter JR**
**Date of Birth:** [redacted]

PLEASE CERTIFY RECORDS. A BLANK AUTHENTICITY CERTIFICATION IS ENCLOSED FOR YOUR CONVENIENCE.

Nothing in this subpoena requests disclosure of confidential communications made for the purposes of diagnosis or treatment of the patient's mental or emotional condition, including alcohol or drug addiction. Nothing in this subpoena requests disclosure of records or information relating to HIV testing or sexually transmitted disease.

You may condition such activity on your part upon the payment in advance of the party causing the issuance of this subpoena of the reasonable costs of the making of such copies. With regard to copy costs, Section 12-21-6.1 of the *Code of Alabama* (1975) states as follows:

> Reasonable costs of reproducing copies of written or typed documents/reports shall not be more than one dollar ($1) for each page of the first 25 pages, not more than 50 cents ($.50) for each page in excess of 25 pages, and a search fee of five dollars ($5). Reasonable costs shall include the actual costs of mailing medical records.

You have the right to object at any time prior to the date set forth in the subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of the subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

PLEASE CONTACT US IN ADVANCE IF THE COPY COSTS EXCEED $250.00.
PLEASE ATTACH A COPY OF THE SUBPOENA TO YOUR RECORDS.

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front) Rev. 6/07 | **ORDER TO APPEAR<br>(SUBPOENA)** | **Case Number**<br>01-CV-2026-902671 |
|---|---|---|

**IN THE** CIRCUIT **COURT OF** JEFFERSON COUNTY, **ALABAMA**

*(Circuit, District, or Municipal)* *(Name of County or Municipality)*

☐ State of Alabama
☐ Municipality of ______ v. ______, **Defendant**
☑ Plaintiff WILLIE SLAUGHTER, JR **v.** WALMART, INC, **Defendant**

**(For Juvenile cases only):**
☐ **In the Matter of:** ______, **a child**

UAHSF
1210 11th Ave South
Birmingham, AL 35202

A. Issued at the request of:
1. ☐ Plaintiff/State
2. ☑ Defendant
3. ☐ Grand jury

B. Special Instructions
You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other ______

You may contact: Friedman, Dazzio, & Zulanas, P.C., 3800 Corporate Woods Drive, Birmingham, AL 35242

YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

**DATE:** ______

**TIME:** ______

**ROOM:** ______

**ADDRESS:** ______

______

______

Date Issued

[ ]

Signature of Court Clerk Deputy Clerk Initials

**ADDITIONAL INSTRUCTIONS**

Any inspection or production of documents or records must be completed within 15 days.

**This subpoena is for records only. You are not required to appear in court. Please review the NOTICE section on page two as well as Exhibit A and produce certified records to:**

**Madison M. Lakes, Esq.**
**ATTN: Devon Thagard, Paralegal**
**Friedman, Dazzio & Zulanas, P.C.**
**3800 Corporate Woods Drive**
**Birmingham, AL 35242**

DRAFT

**TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON:** You are ordered to serve this Order on the above-named person and make return to this court.

**RETURN ON SERVICE**

I certify that I personally delivered a copy of this order to ______

______ on ______, ______

Signature and Title of Server

(For Criminal cases only)
☐ **Served by mail**
**Date mailed** ______

[ ]

Sheriff Deputy Sheriff

# EXHIBIT A

Please produce and permit defendant to inspect and copy each of the following classes of documents:

**1. Any and all invoices or bills for services rendered showing dates of treatment; specific and itemized charges for treatment; and documents showing all payments made by the patient, any medical insurer, Medicare/Medicaid, and any other entity pertaining to the patient listed below, and;**

**2. All records, writings, charts, notes, nurses notes, medication, letters, documents, reports, x-ray reports and films, laboratory reports or results, any tests or results and/or any other written material contained in your file, in your possession, or under your control which relates to the care and treatment or to the diagnosis and/or prognosis of any condition or illness pertaining to the patient below:**

**Name: Willie Slaughter JR**
**Date of Birth:** [redacted]

PLEASE CERTIFY RECORDS. A BLANK AUTHENTICITY CERTIFICATION IS ENCLOSED FOR YOUR CONVENIENCE.

Nothing in this subpoena requests disclosure of confidential communications made for the purposes of diagnosis or treatment of the patient's mental or emotional condition, including alcohol or drug addiction. Nothing in this subpoena requests disclosure of records or information relating to HIV testing or sexually transmitted disease.

You may condition such activity on your part upon the payment in advance of the party causing the issuance of this subpoena of the reasonable costs of the making of such copies. With regard to copy costs, Section 12-21-6.1 of the *Code of Alabama* (1975) states as follows:

> Reasonable costs of reproducing copies of written or typed documents/reports shall not be more than one dollar ($1) for each page of the first 25 pages, not more than 50 cents ($.50) for each page in excess of 25 pages, and a search fee of five dollars ($5). Reasonable costs shall include the actual costs of mailing medical records.

You have the right to object at any time prior to the date set forth in the subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of the subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

PLEASE CONTACT US IN ADVANCE IF THE COPY COSTS EXCEED $250.00.
PLEASE ATTACH A COPY OF THE SUBPOENA TO YOUR RECORDS.

State of Alabama
Unified Judicial System
Form C-13 (front) Rev. 6/07

# ORDER TO APPEAR (SUBPOENA)

Case Number
01-CV-2026-902671

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
(Circuit, District, or Municipal) (Name of County or Municipality)

☐ State of Alabama
☐ Municipality of ______ v. ______, Defendant
☑ Plaintiff WILLIE SLAUGHTER, JR v. WALMART, INC, Defendant

(For Juvenile cases only):
☐ In the Matter of: ______, a child

Cahaba Medical Center
405 Belcher Street
Centreville, AL 35042

A. Issued at the request of:
1. ☐ Plaintiff/State
2. ☑ Defendant
3. ☐ Grand jury

B. Special Instructions
You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other ______

You may contact: Friedman, Dazzio, & Zulanas, P.C., 3800 Corporate Woods Drive, Birmingham, AL 35242

YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and /or produce and permit inspection and copying of books, documents, or tangible things; and /or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

DATE: ______
TIME: ______
ROOM: ______
ADDRESS: ______

______ Date Issued

______ Signature of Court Clerk [ ] Deputy Clerk Initials

**ADDITIONAL INSTRUCTIONS**

Any inspection or production of documents or records must be completed within 15 days.

**This subpoena is for records only. You are not required to appear in court. Please review the NOTICE section on page two as well as Exhibit A and produce certified records to:**

**Madison M. Lakes, Esq.**
**ATTN: Devon Thagard, Paralegal**
**Friedman, Dazzio & Zulanas, P.C.**
**3800 Corporate Woods Drive**
**Birmingham, AL 35242**

DRAFT

**TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON:** You are ordered to serve this Order on the above-named person and make return to this court.

**RETURN ON SERVICE**

I certify that I personally delivered a copy of this order to ______ ______ on ______, ______

______ Signature and Title of Server

(For Criminal cases only)
☐ **Served by mail**
**Date mailed** ______

[ ]
______ Sheriff Deputy Sheriff

# EXHIBIT A

Please produce and permit defendant to inspect and copy each of the following classes of documents:

**1. Any and all invoices or bills for services rendered showing dates of treatment; specific and itemized charges for treatment; and documents showing all payments made by the patient, any medical insurer, Medicare/Medicaid, and any other entity pertaining to the patient listed below, and;**

**2. All records, writings, charts, notes, nurses notes, medication, letters, documents, reports, x-ray reports and films, laboratory reports or results, any tests or results and/or any other written material contained in your file, in your possession, or under your control which relates to the care and treatment or to the diagnosis and/or prognosis of any condition or illness pertaining to the patient below:**

**Name: Willie Slaughter JR**
**Date of Birth: 0[redacted]**

PLEASE CERTIFY RECORDS. A BLANK AUTHENTICITY CERTIFICATION IS ENCLOSED FOR YOUR CONVENIENCE.

Nothing in this subpoena requests disclosure of confidential communications made for the purposes of diagnosis or treatment of the patient's mental or emotional condition, including alcohol or drug addiction. Nothing in this subpoena requests disclosure of records or information relating to HIV testing or sexually transmitted disease.

You may condition such activity on your part upon the payment in advance of the party causing the issuance of this subpoena of the reasonable costs of the making of such copies. With regard to copy costs, Section 12-21-6.1 of the *Code of Alabama* (1975) states as follows:

> Reasonable costs of reproducing copies of written or typed documents/reports shall not be more than one dollar ($1) for each page of the first 25 pages, not more than 50 cents ($.50) for each page in excess of 25 pages, and a search fee of five dollars ($5). Reasonable costs shall include the actual costs of mailing medical records.

You have the right to object at any time prior to the date set forth in the subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of the subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

PLEASE CONTACT US IN ADVANCE IF THE COPY COSTS EXCEED $250.00.
PLEASE ATTACH A COPY OF THE SUBPOENA TO YOUR RECORDS.

State of Alabama
Unified Judicial System
Form C-13 (front) Rev. 6/07

# ORDER TO APPEAR (SUBPOENA)

Case Number
01-CV-2026-902671

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
(Circuit, District, or Municipal) (Name of County or Municipality)

☐ State of Alabama
☐ Municipality of ____________ v. ____________, Defendant
☑ Plaintiff WILLIE SLAUGHTER, JR v. WALMART, INC, Defendant

(For Juvenile cases only):
☐ In the Matter of: ____________, a child

Princeton Baptist Medical Center
701 Princeton Ave Southwest
Birmingham, AL 35211

A. Issued at the request of:
1. ☐ Plaintiff/State
2. ☑ Defendant
3. ☐ Grand jury

B. Special Instructions
You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other ____________

You may contact: Friedman, Dazzio, & Zulanas, P.C., 3800 Corporate Woods Drive, Birmingham, AL 35242

YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and /or produce and permit inspection and copying of books, documents, or tangible things; and /or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

DRAFT

DATE: ____________
TIME: ____________
ROOM: ____________
ADDRESS: ____________

____________
Date Issued

____________ [ ]
Signature of Court Clerk Deputy Clerk Initials

**ADDITIONAL INSTRUCTIONS**

Any inspection or production of documents or records must be completed within 15 days.

**This subpoena is for records only. You are not required to appear in court. Please review the NOTICE section on page two as well as Exhibit A and produce certified records to:**

**Madison M. Lakes, Esq.**
**ATTN: Devon Thagard, Paralegal**
**Friedman, Dazzio & Zulanas, P.C.**
**3800 Corporate Woods Drive**
**Birmingham, AL 35242**

**TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON:** You are ordered to serve this Order on the above-named person and make return to this court.

## RETURN ON SERVICE

I certify that I personally delivered a copy of this order to ____________
____________ on ____________, ____________

____________
Signature and Title of Server

(For Criminal cases only)
☐ **Served by mail**
**Date mailed** ____________

[ ]
____________
Sheriff Deputy Sheriff

# EXHIBIT A

Please produce and permit defendant to inspect and copy each of the following classes of documents:

**1. Any and all invoices or bills for services rendered showing dates of treatment; specific and itemized charges for treatment; and documents showing all payments made by the patient, any medical insurer, Medicare/Medicaid, and any other entity pertaining to the patient listed below, and;**

**2. All records, writings, charts, notes, nurses notes, medication, letters, documents, reports, x-ray reports and films, laboratory reports or results, any tests or results and/or any other written material contained in your file, in your possession, or under your control which relates to the care and treatment or to the diagnosis and/or prognosis of any condition or illness pertaining to the patient below:**

**Name: Willie Slaughter JR**
**Date of Birth:** [redacted]

PLEASE CERTIFY RECORDS. A BLANK AUTHENTICITY CERTIFICATION IS ENCLOSED FOR YOUR CONVENIENCE.

Nothing in this subpoena requests disclosure of confidential communications made for the purposes of diagnosis or treatment of the patient's mental or emotional condition, including alcohol or drug addiction. Nothing in this subpoena requests disclosure of records or information relating to HIV testing or sexually transmitted disease.

You may condition such activity on your part upon the payment in advance of the party causing the issuance of this subpoena of the reasonable costs of the making of such copies. With regard to copy costs, Section 12-21-6.1 of the *Code of Alabama* (1975) states as follows:

> Reasonable costs of reproducing copies of written or typed documents/reports shall not be more than one dollar ($1) for each page of the first 25 pages, not more than 50 cents ($.50) for each page in excess of 25 pages, and a search fee of five dollars ($5). Reasonable costs shall include the actual costs of mailing medical records.

You have the right to object at any time prior to the date set forth in the subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of the subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

PLEASE CONTACT US IN ADVANCE IF THE COPY COSTS EXCEED $250.00.
PLEASE ATTACH A COPY OF THE SUBPOENA TO YOUR RECORDS.

State of Alabama
Unified Judicial System
Form C-13 (front) Rev. 6/07

# ORDER TO APPEAR (SUBPOENA)

Case Number
01-CV-2026-902671

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
(Circuit, District, or Municipal) (Name of County or Municipality)

☐ State of Alabama
☐ Municipality of ______ v. ______, Defendant
☑ Plaintiff WILLIE SLAUGHTER, JR v. WALMART, INC, Defendant

(For Juvenile cases only):
☐ In the Matter of: ______, a child

Birmingham Radiological Group
2000 Southbridge Parkway #A300
Birmingham, AL 35209

A. Issued at the request of:
1. ☐ Plaintiff/State
2. ☑ Defendant
3. ☐ Grand jury

B. Special Instructions
You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other ______

You may contact: Friedman, Dazzio, & Zulanas, P.C., 3800 Corporate Woods Drive, Birmingham, AL 35242

YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and /or produce and permit inspection and copying of books, documents, or tangible things; and /or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.

DRAFT

DATE: ______
TIME: ______
ROOM: ______
ADDRESS: ______

______
Date Issued

[ ]
______
Signature of Court Clerk Deputy Clerk Initials

**ADDITIONAL INSTRUCTIONS**

Any inspection or production of documents or records must be completed within 15 days.

**This subpoena is for records only. You are not required to appear in court. Please review the NOTICE section on page two as well as Exhibit A and produce certified records to:**

**Madison M. Lakes, Esq.**
**ATTN: Devon Thagard, Paralegal**
**Friedman, Dazzio & Zulanas, P.C.**
**3800 Corporate Woods Drive**
**Birmingham, AL 35242**

**TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON:** You are ordered to serve this Order on the above-named person and make return to this court.

**RETURN ON SERVICE**

I certify that I personally delivered a copy of this order to ______
______ on ______, ______

______
Signature and Title of Server

(For Criminal cases only)
☐ **Served by mail**
**Date mailed** ______

[ ]
______
Sheriff Deputy Sheriff

# EXHIBIT A

Please produce and permit defendant to inspect and copy each of the following classes of documents:

**1. Any and all invoices or bills for services rendered showing dates of treatment; specific and itemized charges for treatment; and documents showing all payments made by the patient, any medical insurer, Medicare/Medicaid, and any other entity pertaining to the patient listed below, and;**

**2. All records, writings, charts, notes, nurses notes, medication, letters, documents, reports, x-ray reports and films, laboratory reports or results, any tests or results and/or any other written material contained in your file, in your possession, or under your control which relates to the care and treatment or to the diagnosis and/or prognosis of any condition or illness pertaining to the patient below:**

**Name: Willie Slaughter JR**
**Date of Birth:** [redacted]

PLEASE CERTIFY RECORDS. A BLANK AUTHENTICITY CERTIFICATION IS ENCLOSED FOR YOUR CONVENIENCE.

Nothing in this subpoena requests disclosure of confidential communications made for the purposes of diagnosis or treatment of the patient's mental or emotional condition, including alcohol or drug addiction. Nothing in this subpoena requests disclosure of records or information relating to HIV testing or sexually transmitted disease.

You may condition such activity on your part upon the payment in advance of the party causing the issuance of this subpoena of the reasonable costs of the making of such copies. With regard to copy costs, Section 12-21-6.1 of the *Code of Alabama* (1975) states as follows:

> Reasonable costs of reproducing copies of written or typed documents/reports shall not be more than one dollar ($1) for each page of the first 25 pages, not more than 50 cents ($.50) for each page in excess of 25 pages, and a search fee of five dollars ($5). Reasonable costs shall include the actual costs of mailing medical records.

You have the right to object at any time prior to the date set forth in the subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of the subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

PLEASE CONTACT US IN ADVANCE IF THE COPY COSTS EXCEED $250.00.
PLEASE ATTACH A COPY OF THE SUBPOENA TO YOUR RECORDS.

ELECTRONICALLY FILED
8/7/2026 8:27 AM
01-CV-2026-902671.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

**STATE OF ALABAMA** **Revised 3/5/08**
**Unified Judicial System**
01-JEFFERSON ☐ **District Court** ☑ **Circuit Court**

**Cas**[e Number]
CV2[026-902671.00]

WILLIE SLAUGHTER JR. V. WALMART, INC.

# CIVIL MOTION COVER SHEET

*Name of Filing Party:* D001 - WALMART, INC.

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*
MADISON MAILE LAKES
3800 CORPORATE WOODS
BIRMINGHAM, AL 35242
*Attorney Bar No.:* GIT002

☐ Oral Arguments Requested

## TYPE OF MOTION

**Motions Requiring Fee**

- ☐ Default Judgment ($50.00)
- ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00)
- ☐ Judgment on the Pleadings ($50.00)
- ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00)
- ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00)
- ☐ Summary Judgment pursuant to Rule 56($50.00)
- ☐ Motion to Intervene ($297.00)
- ☐ Other ______________________

pursuant to Rule ______________ ($50.00)

*Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees.

☐ Local Court Costs $ 0

**Motions Not Requiring Fee**

- ☐ Add Party
- ☐ Amend
- ☐ Change of Venue/Transfer
- ☐ Compel
- ☐ Consolidation
- ☐ Continue
- ☐ Deposition
- ☐ Designate a Mediator
- ☐ Judgment as a Matter of Law (during Trial)
- ☐ Disburse Funds
- ☐ Extension of Time
- ☐ In Limine
- ☐ Joinder
- ☐ More Definite Statement
- ☐ Motion to Dismiss pursuant to Rule 12(b)
- ☐ New Trial
- ☐ Objection of Exemptions Claimed
- ☐ Pendente Lite
- ☐ Plaintiff's Motion to Dismiss
- ☐ Preliminary Injunction
- ☑ Protective Order
- ☐ Quash
- ☐ Release from Stay of Execution
- ☐ Sanctions
- ☐ Sever
- ☐ Special Practice in Alabama
- ☐ Stay
- ☐ Strike
- ☐ Supplement to Pending Motion
- ☐ Vacate or Modify
- ☐ Withdraw
- ☐ Other ______________________

pursuant to Rule ______________ (Subject to Filing Fee)

Check here if you have filed or are filing contemoraneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐

Date:
8/7/2026 8:26:42 AM

Signature of Attorney or Party
/s/ MADISON MAILE LAKES

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
8/7/2026 8:27 AM
01-CV-2026-902671.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| WILLIE SLAUGHTER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 01-CV-2026-902671.00 |
| | ) | |
| WALMART, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR HIPAA ORDER**

COMES NOW Defendant Wal-Mart Stores East, LP and requests this Court enter a HIPAA Order and as grounds therefore, states as follows:

1. The plaintiff's physical condition and medical expenses are at issue in this litigation. In the complaint, the plaintiff claims to have sustained personal injuries and incurred medical treatment and costs as a result of the accident.

2. The defendant is entitled to issue subpoenas to the plaintiff's healthcare providers requesting information and documentation regarding the plaintiff's medical records and charges for medical treatment.

3. The defendant anticipates that the plaintiff's health care providers are subject to the privacy requirements set forth at 45 C.F.R. §164.512 and are prohibited from disclosing information regarding the plaintiff absent a Qualified Protective Order pursuant to 45 C.F.R. §164.512(3).

4. Accordingly, the defendant requests that this Court enter a HIPAA Order. For the convenience of the Court, a proposed HIPAA Order is attached as Exhibit "A."

**WHEREFORE, PREMISES CONSIDERED,** the defendant respectfully requests this Honorable Court enter a HIPAA Order, pursuant to 45 C.F.R. §164.512(3) authorizing the plaintiff's healthcare providers to disclose protected health information for the purposes of this litigation.

Respectfully Submitted,

*/s/ Madison M. Lakes*
Christopher J. Zulanas (ZUL001)
Madison M. Lakes (GIT002)
Counsel for Defendant Wal-Mart Stores East, LP

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 7th day of August 2026, I have electronically filed the above and foregoing with the Clerk of Court using the *AlaFile* electronic-filing-system, which will send electronic notification and a copy of such filing to counsel for all parties of record at the time of

Katie Tait Copeland
Shunnarah Injury Lawyers, PC
219 S 3rd St
Gadsden AL 35901
ktait@asilpc.com
*Counsel for Plaintiff*

*/s/ Madison M. Lakes*
Of Counsel

**EXHIBIT "A"**

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| WILLIE SLAUGHTER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 01-CV-2026-902671.00 |
| | ) | |
| WALMART, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**HIPAA ORDER**

Upon compliance with Alabama law, the attorneys for the parties and/or *pro se* parties to this lawsuit are permitted to obtain all health, information, including charges therefore, relating to any Individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee. This Order neither broadens nor restricts any party's ability to conduct discovery pursuant to Alabama law, the sole purpose hereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

**This Court Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Court Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).**

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family. Nothing in this Order permits disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity other than an agent or employee of the attorney or party. This Order prohibits the parties from using or disclosing the Protected Health Information for any purpose other than this litigation of proceedings.

At the conclusion of this action and at the written request of an Individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information which is included in insurance claim files and law firm litigation files may be retained to allow compliance to the extent and for the period that such retention is required by Alabama insurance laws and the Alabama State Bar rules and regulations.

DONE and ORDERED this the _______ day of ___________, 2026.

____________________________

Circuit Court Judge

AlaFile E-Notice

01-CV-2026-902671.00

Judge: BRENDETTE BROWN GREEN

To: ZULANAS CHRISTOPHER JOHN
czulanas@friedman-lawyers.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

WILLIE SLAUGHTER JR. V. WALMART, INC.
01-CV-2026-902671.00

The following matter was FILED on 8/7/2026 8:28:14 AM

**D001 WALMART, INC.**
MOTION FOR PROTECTIVE ORDER
[Filer: LAKES MADISON MAILE]

Notice Date: 8/7/2026 8:28:14 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

Case 2:26-cv-01565-HDM Document 1-1 Filed 09/01/26 Page 81 of 154

ELECTRONICALLY FILED
8/7/2026 8:28 AM
01-CV-2026-902671.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

**STATE OF ALABAMA** **Revised 3/5/08**
**Unified Judicial System**
01-JEFFERSON ☐ **District Court** ☑ **Circuit Court**

**Cas**
CV2

WILLIE SLAUGHTER JR. V. WALMART, INC.

# CIVIL MOTION COVER SHEET

*Name of Filing Party:* D001 - WALMART, INC.

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*
MADISON MAILE LAKES
3800 CORPORATE WOODS
BIRMINGHAM, AL 35242
*Attorney Bar No.:* GIT002

☐ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Change of Venue/Transfer |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Compel |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Consolidation |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Continue |
| ☐ Motion to Intervene ($297.00) | ☐ Deposition |
| ☐ Other ______ pursuant to Rule ______ ($50.00) | ☐ Designate a Mediator |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Local Court Costs $ 0 | ☐ Disburse Funds |
| | ☐ Extension of Time |
| | ☐ In Limine |
| | ☐ Joinder |
| | ☐ More Definite Statement |
| | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☑ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other ______ pursuant to Rule ______ (Subject to Filing Fee) |

| | | |
|---|---|---|
| Check here if you have filed or are filing contemoraneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date: 8/7/2026 8:27:27 AM | Signature of Attorney or Party /s/ MADISON MAILE LAKES |

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
8/7/2026 8:28 AM
01-CV-2026-902671.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| WILLIE SLAUGHTER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 01-CV-2026-902671.00 |
| | ) | |
| WALMART, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR HIPAA ORDER**

COMES NOW Defendant Wal-Mart Stores East, LP and requests this Court enter a HIPAA Order and as grounds therefore, states as follows:

1. The plaintiff's physical condition and medical expenses are at issue in this litigation. In the complaint, the plaintiff claims to have sustained personal injuries and incurred medical treatment and costs as a result of the accident.

2. The defendant is entitled to issue subpoenas to the plaintiff's healthcare providers requesting information and documentation regarding the plaintiff's medical records and charges for medical treatment.

3. The defendant anticipates that the plaintiff's health care providers are subject to the privacy requirements set forth at 45 C.F.R. §164.512 and are prohibited from disclosing information regarding the plaintiff absent a Qualified Protective Order pursuant to 45 C.F.R. §164.512(3).

4. Accordingly, the defendant requests that this Court enter a HIPAA Order. For the convenience of the Court, a proposed HIPAA Order is attached as Exhibit "A."

**WHEREFORE, PREMISES CONSIDERED,** the defendant respectfully requests this Honorable Court enter a HIPAA Order, pursuant to 45 C.F.R. §164.512(3) authorizing the plaintiff's healthcare providers to disclose protected health information for the purposes of this litigation.

Respectfully Submitted,

*/s/ Madison M. Lakes*
Christopher J. Zulanas (ZUL001)
Madison M. Lakes (GIT002)
Counsel for Defendant Wal-Mart Stores East, LP

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 7th day of August 2026, I have electronically filed the above and foregoing with the Clerk of Court using the *AlaFile* electronic-filing-system, which will send electronic notification and a copy of such filing to counsel for all parties of record at the time of

Katie Tait Copeland
Shunnarah Injury Lawyers, PC
219 S 3rd St
Gadsden AL 35901
ktait@asilpc.com
*Counsel for Plaintiff*

*/s/ Madison M. Lakes*
Of Counsel

**EXHIBIT "A"**

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| WILLIE SLAUGHTER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 01-CV-2026-902671.00 |
| | ) | |
| WALMART, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## HIPAA ORDER

Upon compliance with Alabama law, the attorneys for the parties and/or *pro se* parties to this lawsuit are permitted to obtain all health, information, including charges therefore, relating to any Individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee. This Order neither broadens nor restricts any party's ability to conduct discovery pursuant to Alabama law, the sole purpose hereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

**This Court Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Court Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).**

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family. Nothing in this Order permits disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity other than an agent or employee of the attorney or party. This Order prohibits the parties from using or disclosing the Protected Health Information for any purpose other than this litigation of proceedings.

At the conclusion of this action and at the written request of an Individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information which is included in insurance claim files and law firm litigation files may be retained to allow compliance to the extent and for the period that such retention is required by Alabama insurance laws and the Alabama State Bar rules and regulations.

DONE and ORDERED this the _______ day of ___________, 2026.

____________________________

Circuit Court Judge

ELECTRONICALLY FILED
8/7/2026 8:28 AM
01-CV-2026-902671.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

| | | |
|---|---|---|
| SLAUGHTER WILLIE JR., Plaintiff, | ) | |
| V. | ) | Case No.: CV-2026-902671.00 |
| WALMART, INC., Defendant. | ) | |

PROPOSED ORDER

**HIPAA ORDER**

Upon compliance with Alabama law, the attorneys for the parties and/or *pro se* parties to this lawsuit are permitted to obtain all health, information, including charges therefore, relating to any Individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee. This Order neither broadens nor restricts any party's ability to conduct discovery pursuant to Alabama law, the sole purpose hereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

**This Court Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Court Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA).**

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family. Nothing in this Order permits disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity other than an agent or employee of the attorney or party. This Order prohibits the parties from using or disclosing the Protected Health Information for any purpose other than this litigation of proceedings.

At the conclusion of this action and at the written request of an Individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information which is included in insurance claim files and law firm litigation files may be retained to allow compliance to the extent and for the period that such retention is required by Alabama insurance laws and the Alabama State Bar rules and regulations.

**DONE this[To be filled by the Judge].**

**/s/[To be filled by the Judge]**
**CIRCUIT JUDGE**

PROPOSED ORDER

AlaFile E-Notice

01-CV-2026-902671.00

Judge: BRENDETTE BROWN GREEN

To: LAKES MADISON MAILE
mlakes@friedman-lawyers.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

WILLIE SLAUGHTER JR. V. WALMART, INC.
01-CV-2026-902671.00

A court action was entered in the above case on 8/7/2026 12:08:16 PM

ORDER

[Filer: ]

Disposition: GRANTED
Judge: BBG

Notice Date: 8/7/2026 12:08:16 PM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

ELECTRONICALLY FILED
8/7/2026 12:08 PM
01-CV-2026-902671.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

| | | |
|---|---|---|
| SLAUGHTER WILLIE JR.,<br>Plaintiff, | ) | |
| V. | ) | Case No.: CV-2026-902671.00 |
| WALMART, INC.,<br>Defendant. | ) | |

## HIPAA PROTECTIVE ORDER

Upon compliance with applicable provisions of Alabama law, the attorneys for the parties (and any pro se parties) to this lawsuit may obtain all health information relating to any individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee, and to obtain all information relative to payment for the provision of medical care to any such individual. This order neither broadens nor restricts any party's ability to conduct discovery pursuant to the Alabama Rules of Civil Procedure, the sole purpose hereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996.

This Court Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Court Order is intended to authorize such disclosures under Section 164.512of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996.

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or

treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party. This Order prohibits any use or disclosure of Protected Health Information for any purpose other than this litigation.

At the conclusion of this action and at the written request of an individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information included in insurance claim files and law firm litigation files may be retained to allow compliance to the extent and for the period that such retention is required by Alabama Insurance laws and Alabama State Bar rules and regulations.

**DONE this 7th day of August, 2026.**

**/s/ BRENDETTE BROWN GREEN**
**CIRCUIT JUDGE**

AlaFile E-Notice

01-CV-2026-902671.00

Judge: BRENDETTE BROWN GREEN

To: LAKES MADISON MAILE
mlakes@friedman-lawyers.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

WILLIE SLAUGHTER JR. V. WALMART, INC.
01-CV-2026-902671.00

A court action was entered in the above case on 8/11/2026 10:24:17 PM

ORDER

[Filer: ]

Disposition: GRANTED
Judge: BBG

Notice Date: 8/11/2026 10:24:17 PM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

ELECTRONICALLY FILED
8/11/2026 10:24 PM
01-CV-2026-902671.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

| | | |
|---|---|---|
| SLAUGHTER WILLIE JR.,<br>Plaintiff, | ) | |
| V. | ) | Case No.: CV-2026-902671.00 |
| WALMART, INC.,<br>Defendant. | ) | |

**HIPAA PROTECTIVE ORDER**

Upon compliance with applicable provisions of Alabama law, the attorneys for the parties (and any pro se parties) to this lawsuit may obtain all health information relating to any individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee, and to obtain all information relative to payment for the provision of medical care to any such individual. This order neither broadens nor restricts any party's ability to conduct discovery pursuant to the Alabama Rules of Civil Procedure, the sole purpose hereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996.

This Court Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Court Order is intended to authorize such disclosures under Section 164.512of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996.

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or

treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party. This Order prohibits any use or disclosure of Protected Health Information for any purpose other than this litigation.

At the conclusion of this action and at the written request of an individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information included in insurance claim files and law firm litigation files may be retained to allow compliance to the extent and for the period that such retention is required by Alabama Insurance laws and Alabama State Bar rules and regulations.

**DONE this 11th day of August, 2026.**

**/s/ BRENDETTE BROWN GREEN**
**CIRCUIT JUDGE**

AlaFile E-Notice

01-CV-2026-902671.00

Judge: BRENDETTE BROWN GREEN

To: LAKES MADISON MAILE
mlakes@friedman-lawyers.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

WILLIE SLAUGHTER JR. V. WALMART, INC.
01-CV-2026-902671.00

The following matter was FILED on 8/19/2026 9:03:07 AM

C001 SLAUGHTER WILLIE JR.
MOTION TO SUBSTITUTE PROPER PARTY
[Filer: COPELAND KATIE TAIT]

Notice Date: 8/19/2026 9:03:07 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

Case 2:26-cv-01565-HDM Document 1-1 Filed 09/01/26 Page 96 of 154
ELECTRONICALLY FILED
8/19/2026 9:03 AM
01-CV-2026-902671.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

**STATE OF ALABAMA** **Revised 3/5/08**
**Unified Judicial System**
01-JEFFERSON ☐ **District Court** ☑ **Circuit Court**

**Cas**
CV2

WILLIE SLAUGHTER JR. V. WALMART, INC.

# CIVIL MOTION COVER SHEET

*Name of Filing Party:* C001 - SLAUGHTER WILLIE JR.

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*
KATIE TAIT COPELAND
219 S. 3rd Street
Gadsden, AL 35901
*Attorney Bar No.:* COP037

☐ Oral Arguments Requested

## TYPE OF MOTION

**Motions Requiring Fee**

- ☐ Default Judgment ($50.00)
- ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00)
- ☐ Judgment on the Pleadings ($50.00)
- ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00)
- ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00)
- ☐ Summary Judgment pursuant to Rule 56($50.00)
- ☐ Motion to Intervene ($297.00)
- ☐ Other ________________

pursuant to Rule ________________ ($50.00)

*Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees.

☐ Local Court Costs $ 0

**Motions Not Requiring Fee**

- ☐ Add Party
- ☐ Amend
- ☐ Change of Venue/Transfer
- ☐ Compel
- ☐ Consolidation
- ☐ Continue
- ☐ Deposition
- ☐ Designate a Mediator
- ☐ Judgment as a Matter of Law (during Trial)
- ☐ Disburse Funds
- ☐ Extension of Time
- ☐ In Limine
- ☐ Joinder
- ☐ More Definite Statement
- ☐ Motion to Dismiss pursuant to Rule 12(b)
- ☐ New Trial
- ☐ Objection of Exemptions Claimed
- ☐ Pendente Lite
- ☐ Plaintiff's Motion to Dismiss
- ☐ Preliminary Injunction
- ☐ Protective Order
- ☐ Quash
- ☐ Release from Stay of Execution
- ☐ Sanctions
- ☐ Sever
- ☐ Special Practice in Alabama
- ☐ Stay
- ☐ Strike
- ☐ Supplement to Pending Motion
- ☐ Vacate or Modify
- ☐ Withdraw
- ☑ Other Motion to Substitute Proper Party

pursuant to Rule N/A (Subject to Filing Fee)

Check here if you have filed or are filing contemoraneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐

Date:
8/19/2026 9:02:22 AM

Signature of Attorney or Party
/s/ KATIE TAIT COPELAND

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
8/19/2026 9:03 AM
01-CV-2026-902671.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **WILLIE SLAUGHTER, JR., an individual;** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO.: 2026-902671** |
| | ) | |
| | ) | |
| **WALMART STORES EAST, LP, ;** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**NOTICE OF SUBSTITUTION OF PARTY**

---

COMES NOW the undersigned counsel and hereby provides this Honorable Court, as well as all parties, with formal notice of substitution of properly named Defendant. As grounds for this notice, Plaintiff states as follow:

1. Plaintiff's Complaint was filed on or about June 15, 2026.
2. Plaintiff's Complaint erroneously named "Walmart, Inc." as the proper party to bring this action for injury to Plaintiff.
3. We have since learned that Walmart Stores East, LP is the proper party to be named as the owner and operator of the establishment made the basis of this suit.
4. Plaintiff Willie Slaughter, Jr. is the rightful and proper party in interest.
5. Walmart, Inc. should be dismissed from this action and Walmart Stores East, LP should be substituted as proper person to bring this action of injury to Plaintiff.
6. Leave to amend original complaint.
7. The correct, amended complaint is attached.

**WHEREFORE**, the undersigned counsel moves this Court for an order substituting Walmart Stores East, LP, as the proper defendant in the above-styled case.

Respectfully Submitted,

**/s/ Katie Tait Copeland**
Katie Tait Copeland (COP037)
Attorney for Plaintiff

**OF COUNSEL:**

SHUNNARAH INJURY LAWYERS, P.C.
219 S. 3rd Street
Gadsden, AL 35901
Phone: (205) 983-8123
Facsimile: (205) 983-8423
Email: ktait@asilpc.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served electronically upon the following counsel of record who are AlaFile registrant(s) and on all other counsel of record or pro se parties by, placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows, on this the 19th day of August 2026.

Madison Lakes
Friedman, Dazzio, & Zulanas PC
3800 Corporate Woods Drive
Birmingham, AL 35242
mlakes@friedman-lawyers.com

**/s/ Katie Tait Copeland**

**OF COUNSEL**

ELECTRONICALLY FILED
8/19/2026 9:03 AM
01-CV-2026-902671.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

**WILLIE SLAUGHTER JR., an individual,** )

**Plaintiff,** )

**v.** )

**WALMART STORES EAST, LP; and** )

**JURY TRIAL IS REQUESTED**

**CASE NO.:2026-902671**

[FICTITIOUS DEFENDANTS: No. 1, whether singular or plural, any entity which had the duty to maintain the safe condition of the flooring at the property/business in question; No. 2, any entity which had a duty to warn and failed to warn, had a duty to issue and failed to issue or issued inadequate warning or instructions, regarding the hazardous condition to Plaintiff at the property/business in question; No. 3, any entity which had a duty to inspect the area in question for hazards, hidden defects or dangerous conditions at the property/business in question; No. 4, any entity which placed, allowed or caused the hazard condition in question to manifest at the property/business in question; No. 5, whether any entity which provided general liability or premises liability or medical payment coverage to the property/business in question; No. 6, any entity which conducted safety inspections or analyses or provided consulting services pertaining to the area in question at the property/business in question; No. 7, any entity which had a duty to insure or ensure the safety and security of Plaintiff, while at the premises involved in the occurrence made the basis of this suit; No. 8, any entity which was involved to any degree in providing safety and security to Plaintiff in connection with the occurrence made the basis of Plaintiff's complaint; No. 9, any entity which controlled and/or had a duty to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence which caused injury and damage to Plaintiff; No. 10, any entity which controlled or had the right to control the access or ingress and/or egress to the premises involved in the occurrence made the basis of this lawsuit at the time of said occurrence; No. 11, any entity other than those entities described above whose negligence, wantonness, willfulness, or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit; No. 12, any entity which reinsured or provided excess coverage for said premises; No. 13, any entity which is the successor in interest of any of those entities described herein; No. 14, being that person, firm, partnership or corporation who contracted with any named defendant to provide training or supervision of its employees in the proper maintenance of its premises as alleged herein; No. 15, being that person, firm, partnership or corporation who owned or operated the premises causing the injuries to Plaintiff as alleged in the complaint; No. 16, being that person, firm, partnership or corporation who contracted to any named defendant to provide training or supervision to its employees in the proper maintenance of its premises as alleged herein; No. 17, being the person, firm, partnership or corporation who is a successor or predecessor in interest to any named or fictitiously identified defendant; No. 18, being the person, firm, partnership or corporation charged with the overall hiring, training and supervision of the employees or contractors who or which were charged with the duty or contracted to assume said duty of cleaning, inspecting, maintaining, and operating the section or department of the premises in question and at issue in this lawsuit and whose breach of duty caused or contributed to cause the injuries and damages to Plaintiff, as alleged in this lawsuit; Plaintiff avers that the identities of the Fictitious Party Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party Defendants are not known to Plaintiff at this time, but their true names will be substituted when ascertained],

**Defendants.** )

# COMPLAINT

## PARTIES

1. Plaintiff, Willie Slaughter, Jr. (hereinafter referred to as "Plaintiff"), is an individual over the age of nineteen (19) years and is a resident of Jefferson County, Alabama.

2. Defendant Walmart Stores East, LP (hereinafter referred to singularly as "Defendant Walmart," or together with Fictitious Defendants as "Defendants"), is a foreign corporation who operates a business at 2473 Hackworth Road, Forestdale, AL 35214.

3. Fictitious Defendants, described above as numbers one (1) through eighteen (18), are those persons or entities whose names will be substituted upon learning their true identities.

## FACTUAL BACKGROUND

4. On or about the 15th day of June, 2024, Plaintiff was an invitee of Defendant Walmart located at 2473 Hackworth Road, Forestdale, AL 35214 when Plaintiff suffered a fall from an unknown clear liquid that caused injuries to his neck, foot, and back.

5. The hazardous condition and/or area present that day originated from an unknown source.

6. Defendants controlled, owned and maintained the said premises.

7. Defendants negligently, recklessly, and/or wantonly caused or allowed Plaintiff to fall and suffer injuries and damages to Plaintiff's person by failing to keep and maintain its premises free and clear of potentially hazardous conditions of which they were aware or should have known through their inspection of the premises for said hazardous conditions. Defendants had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous condition, and were negligent and/or wanton in allowing or affirmatively creating a hazard by allowing the hazardous condition to remain in the area in question which was in the path

of invitees of the Defendant; further, the Defendant was negligent and/or wanton in creating a hazardous condition in the path of invitees and did not provide adequate warning to Plaintiff.

8. As a proximate and direct result of Defendants' wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as follows:

a. Plaintiff suffered injuries to various portions of plaintiff's body;

b. Plaintiff was caused and will be caused in the future to expend sums of money in the nature of doctor, hospital, drug any other medical expenses in and about an effort to heal and cure said injuries;

c. Plaintiff has experienced and continues to experience pain and suffering and is reasonably certain to experience pain and suffering in the future;

d. Plaintiff was temporarily and potentially permanently unable to pursue usual and normal activities;

e. Plaintiff was caused to incur aggravation and/or exacerbation to then existing conditions that Plaintiff either did or did not know of at the time of this incident;

f. Plaintiff has experienced and continues to experience mental anguish;

g. Plaintiff is reasonably certain to experience mental anguish in the future;

h. Plaintiff was caused to incur out-of-pocket medical expenses; and

i. Plaintiff was caused to suffer both past and future lost wages, loss of income, loss of earning capacity and lost employment benefits.

## COUNT I - NEGLIGENCE

9. Plaintiff hereby re-alleges and re-avers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

10. As described in the Factual Background above, on the date in question Plaintiff was an invitee at Defendant's premises, Plaintiff suffered an injury resulting from an unresolved hazard at the Defendant's premises.

11. Defendants negligently caused or allowed Plaintiff to be injured on their premises as they failed to keep and maintain its premises to be free and clear of potentially hazardous conditions. Defendants had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous condition, and were negligent and/or wanton in affirmatively creating a hazard or not warning their invitees of said hazardous condition that was situated in a dangerous area and/or location inasmuch as it was located in an area that was regularly traveled by invitees. Further, Defendant(s) were negligent in failing to warn Plaintiff of this dangerous condition that existed on their premises that was a hazard to their invitees.

12. As a proximate and direct result of Defendants' wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as described above, herein.

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

**COUNT II – RECKLESSNESS AND WANTONNESS**

13. Plaintiff hereby re-alleges and re-avers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

14. As described in the Factual Background above, on the date in question Plaintiff was an invitee at Defendant's premises, Plaintiff suffered an injury resulting from an unresolved hazard at the Defendant's premises.

15. Defendants recklessly and/or wantonly caused or allowed Plaintiff to be injured at their establishment by failing to keep and maintain its premises in a manner to be free and clear of potentially hazardous conditions and to warn its invitees of the aforementioned conditions. Defendants had actual or constructive notice and/or were delinquent in not discovering and removing the hazardous condition and were wanton in creating a hazard of a liquid material on the floor in the path of invitees of the store and were wanton in affirmatively creating a hazard of allowing a clear liquid to be placed or allowed to remain on a route regularly used by its invitees in a location that would likely lead to harm to its invitees due to the location of the hazard.

16. Defendants recklessly and/or wantonly caused or allowed the hazard at issue in this lawsuit to be placed or to remain in a regularly used area of travel in a location that was dangerous and likely to cause injury to its invitees, and did cause injury to Plaintiff.

17. As a proximate and direct result of Defendants' wrongful conduct as specifically set forth above, Plaintiff has been injured and damaged as described above, herein.

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

## COUNT III – PREMISES LIABILITY

18. Plaintiff hereby re-alleges and re-avers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

19. As described in the Factual Background above, on the date in question Plaintiff was an invitee of Defendant's premises, Plaintiff suffered an injury resulting from an unresolved hazard at the Defendant's premises.

20. Defendants negligently, recklessly and/or wantonly caused or allowed a hazard to remain in an area that was used by its invitees.

21. At the aforesaid time and place, Defendants were the owners or lessees of the property and as such had a duty and responsibility to provide Plaintiff a safe place as an invitee. Further, if any defects in their owned or leased premises existed, Defendants had the duty to warn its invitees of hazards of which it knew or should have known that were not easily discoverable by the invitees. Said Defendants negligently, wantonly, recklessly and/or willfully breached these duties by failing to provide Plaintiff with a safe place as in invitee and by failing to warn the Plaintiff of the hazard and/or defect which were encountered which was known to Defendant or which Defendant negligently failed to detect in their use, operation and maintenance of and upon the premises. Said negligent, wanton, reckless and/or willful conduct was a proximate cause of Plaintiff's injuries and damages.

22. Defendants were owners or lessees of the property at issue and, as such, said defendants had the right to and did control the conditions, methods and manner in which the premises was inspected, maintained and configured. Defendants also controlled the inspecting and maintaining of said invitee areas and Defendants are also responsible for establishing patterns and routes for its invitees to walk and/or travel around and about the premises at the time and place of the occurrence made the basis of Plaintiff's complaint. Defendants negligently and/or wantonly caused or allowed Plaintiff to be injured as a result of the breach of the duties that the aforementioned Defendants owed to Plaintiff in causing or allowing the premises upon which

Plaintiff was injured to be unreasonably hazardous or by ignoring the present hazard or creating the hazard by their process of organizing, cleaning, polishing, etc. Said Defendants negligently, wantonly, recklessly and/or willfully failed to properly control the conditions, methods and manner in which the floor was maintained and presented to the invitees for their use in ambulating and/or traveling about the store as invitees moved about the premises and said negligent, wanton, reckless and/or willful conduct was a proximate cause of Plaintiff's injuries and damages.

23. Plaintiff avers that Defendants negligently, wantonly, recklessly, purposely, intentionally, willfully or by design caused injury to Plaintiff. Defendants negligently, wantonly, recklessly and/or willfully caused or allowed the hazardous condition to remain in a foreseeably traveled area in a main travel area and failed to remedy the hazardous situation and/or address the unreasonably dangerous area, and said Defendants had actual knowledge of the hazardous condition or said hazardous condition had existed for such an unreasonable length of time so as to create a presumption of knowledge of such hazardous area on the part of said Defendants.

24. At the aforesaid time and place, Defendants did negligently, wantonly, and/or willfully cause or negligently, wantonly and/or willfully allow Plaintiff to be injured.

25. Defendants negligently, wantonly and/or willfully failed to warn Plaintiff of the dangers associated with the potentially hazardous area for the purpose of eliminating the possibility of said Plaintiff being injured, and said negligent, wanton and/or willful conduct was a proximate cause of Plaintiff's injuries as described herein.

26. Plaintiff alleges that the injuries and damages were caused as a proximate consequence of the negligent, willful and/or wanton conduct and other wrongful conduct of Defendants.

27. The aforesaid wrongful, negligent, willful and/or wanton conduct of each of the above-described Defendants combined and concurred, and as a proximate cause thereof, Plaintiff was caused to be severely injured.

28. As a proximate and direct result of Defendants' wrongful conduct as specifically set forth hereinafter, Plaintiff has been injured and damaged as described above, herein.

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

## COUNT IV – NEGLIGENT, RECKLESS, AND WANTON SUPERVISION AND TRAINING

29. Plaintiff hereby re-alleges and re-avers all of the allegations contained in the preceding paragraphs of this Complaint the same as if here again set out in both letter and number.

30. As described in the Factual Background above, on the date in question Plaintiff was an invitee of Defendant's premises, Plaintiff suffered an injury resulting from a hazardous condition at the Defendant's premises.

31. Defendants were under an obligation and duty to train and supervise their employees to properly inspect the foreseeably accessible areas for their invitees so that there are no dangerous conditions which were not readily discoverable to their invitees.

32. Defendants negligently, wantonly, and recklessly failed to properly train employees to inspect and to keep the property and/or premises free and clear of dangerous conditions. Defendants' failure to properly train its employees directly resulted in Plaintiff's injuries as described herein.

33. As a direct and proximate consequence of Defendants' negligent, reckless and wanton training and supervision, Plaintiff was injured and damaged as described above, herein.

WHEREFORE, premises considered, Plaintiff respectfully demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, in an amount, including interest and the costs of this action, which Plaintiff seeks to recover, to be assessed by the trier of fact for all claims under this lawsuit.

Respectfully Submitted,

/s/ Katie Tait Copeland
**Katie Tait Copeland**
**(COP037)**

**OF COUNSEL:**
SHUNNARAH INJURY LAWYERS, P.C.
219 S. 3rd Street
Gadsden, AL 35901
(205) 983-8123
(205) 983-8423- Facsimile

Plaintiff's Address:
c/o Katie Tait Copeland
Shunnarah Injury Lawyers, P.C.
219 S. 3rd Street
Gadsden, AL 35901

**NOTICE OF SERVICE**

**Defendant shall be served with this Complaint and Discovery Requests by certified mail at the location below:**

Walmart Inc.
c/o C T Corporation System
2 N Jackson St. Suite 605
Montgomery, Alabama 36104

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | | |
|---|---|---|
| **WILLIE SLAUGHTER, JR.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: 2026-902671** |
| | ) | |
| **WALMART STORES EAST, LP,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**JURY DEMAND**

COMES NOW the Plaintiff, by and through her undersigned counsel of record, and hereby demands a trial by struck jury.

Respectfully Submitted,

/s/ Katie Tait Copeland
**Katie Tait Copeland**
**(COP037)**

**OF COUNSEL:**
SHUNNARAH INJURY LAWYERS, P.C.
219 S. 3rd Street
Gadsden, AL 35901
(205) 983-8123
(205) 983-8423- Facsimile

Plaintiff's Address:
c/o Katie Tait Copeland
Shunnarah Injury Lawyers, P.C.
219 S. 3rd Street
Gadsden, AL 35901

AlaFile E-Notice

01-CV-2026-902671.00

To: ZULANAS CHRISTOPHER JOHN
czulanas@friedman-lawyers.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

WILLIE SLAUGHTER JR. V. WALMART, INC.
01-CV-2026-902671.00

The following subpoena was FILED on 8/25/2026 8:55:42 AM

Notice Date: 8/25/2026 8:55:42 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

ELECTRONICALLY FILED
8/25/2026 8:55 AM
01-CV-2026-902671.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front) Rev. 4/18 | ORDER TO APPEAR<br>(SUBPOENA) | Cas<br>01-( |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

☐ State of Alabama
☐ Municipality of ______
☑ WILLIE SLAUGHTER JR. V. WALMART, INC.
(For Juvenile cases only):
☐ In the Matter of ______

UAB HOSPITAL

1802 6TH AVE SOUTH
BIRMINGHAM, AL 35233

A. Issued at the request of :
1. ☐ Plaintiff/State
2. ☑ Defendant
3. ☐ Grand Jury

B. Special Instructions
You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other ______

**You may contact:** MADISON MAILE LAKES 3800 CORPORATE WOODS BIRMINGHAM, AL 35242 (205) 278-7058

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

**DATE:** 09/22/2026 10:00 AM
**ROOM:**
**ADDRESS:** Friedman, Dazzio, and Zulanas
3800 Corporate Woods Drive
BIRMINGHAM, AL 35242
**DATE ISSUED:** 8/25/2026

/s/ JACQUELINE ANDERSON SMITH
Signature of Court Clerk — Deputy Clerk Initials

**ADDITIONAL INSTRUCTIONS**

Any inspection or production of documents or records must be completed within 15 days

This subpoena is for records only. You are not required to appear in court. Please review the NOTICE section on page two as well as Exhibit A and produce certified records to:

Gwendolyn A. Gordon, Esq.
ATTN: Devon Thagard, Paralegal
Friedman, Dazzio & Zulanas, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242

**TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON:** You are ordered to serve this order on the above named person and make return to this court.

**RETURN ON SERVICE**

I certify that I personally delivered a copy of this order to ______ on ______

Signature and Title of Server

*(For Criminal cases only)*
☐ **Served By Mail**

Date Mailed

Sheriff — Deputy Sheriff

ELECTRONICALLY FILED
8/25/2026 8:55 AM
01-CV-2026-902671.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

**EXHIBIT A**

Please produce and permit defendant to inspect and copy each of the following classes of documents:

1. **Any and all invoices or bills for services rendered showing dates of treatment; specific and itemized charges for treatment; and documents showing all payments made by the patient, any medical insurer, Medicare/Medicaid, and any other entity pertaining to the patient listed below, and;**

2. **All records, writings, charts, notes, nurses notes, medication, letters, documents, reports, x-ray reports and films, laboratory reports or results, any tests or results and/or any other written material contained in your file, in your possession, or under your control which relates to the care and treatment or to the diagnosis and/or prognosis of any condition or illness pertaining to the patient below:**

**Name: Willie Slaughter JR**
**Date of Birth:** [redacted]

PLEASE CERTIFY RECORDS. A BLANK AUTHENTICITY CERTIFICATION IS ENCLOSED FOR YOUR CONVENIENCE.

Nothing in this subpoena requests disclosure of confidential communications made for the purposes of diagnosis or treatment of the patient's mental or emotional condition, including alcohol or drug addiction. Nothing in this subpoena requests disclosure of records or information relating to HIV testing or sexually transmitted disease.

You may condition such activity on your part upon the payment in advance of the party causing the issuance of this subpoena of the reasonable costs of the making of such copies. With regard to copy costs, Section 12-21-6.1 of the *Code of Alabama* (1975) states as follows:

> Reasonable costs of reproducing copies of written or typed documents/reports shall not be more than one dollar ($1) for each page of the first 25 pages, not more than 50 cents ($.50) for each page in excess of 25 pages, and a search fee of five dollars ($5). Reasonable costs shall include the actual costs of mailing medical records.

You have the right to object at any time prior to the date set forth in the subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of the subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

PLEASE CONTACT US IN ADVANCE IF THE COPY COSTS EXCEED $250.00.
PLEASE ATTACH A COPY OF THE SUBPOENA TO YOUR RECORDS.

ELECTRONICALLY FILED
8/7/2026 12:08 PM
01-CV-2026-902671.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

| | | |
|---|---|---|
| SLAUGHTER WILLIE JR.,<br>Plaintiff, | ) | |
| V. | ) | Case No.: CV-2026-902671.00 |
| WALMART, INC.,<br>Defendant. | ) | |

**HIPAA PROTECTIVE ORDER**

Upon compliance with applicable provisions of Alabama law, the attorneys for the parties (and any pro se parties) to this lawsuit may obtain all health information relating to any individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee, and to obtain all information relative to payment for the provision of medical care to any such individual. This order neither broadens nor restricts any party's ability to conduct discovery pursuant to the Alabama Rules of Civil Procedure, the sole purpose hereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996.

This Court Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Court Order is intended to authorize such disclosures under Section 164.512of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996.

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or

treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party. This Order prohibits any use or disclosure of Protected Health Information for any purpose other than this litigation.

At the conclusion of this action and at the written request of an individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information included in insurance claim files and law firm litigation files may be retained to allow compliance to the extent and for the period that such retention is required by Alabama Insurance laws and Alabama State Bar rules and regulations.

**DONE this 7th day of August, 2026.**

**/s/ BRENDETTE BROWN GREEN**
**CIRCUIT JUDGE**

**AUTHENTICITY CERTIFICATION**

I, ________________________________, hereby certify in writing that I am the __________________________ of __________________________________, organized or operated pursuant to or under the laws of Alabama, located at __________________________________________________________________, that I am Custodian of the records of said organization and that the within copy of records is an exact, full, true, and correct copy of the records pertaining to __________________________________________________________________.

I further certify that the said records were made and kept in the usual and regular course of business of said organization and it was in the regular course of business of said organization to make and to keep said records and that said records were made at the time of such acts, transactions, occurrences, or events therein referred to or occurred or arose or were made within a reasonable time thereafter.

This I certify and affirm on this _____ day of _________________, 2026.

____________________________

Title: _______________________

☐ **NO RECORDS**

State of Alabama
Unified Judicial System
Form C-13 (front) Rev. 4/18

**ORDER TO APPEAR (SUBPOENA)**

**Case Number:** 01-CV-2026-902671.00

**IN THE CIRCUIT COURT OF JEFFERSON - BIRMINGHAM COUNTY, ALABAMA**

☐ State of Alabama
☐ Municipality of ____
☑ WILLIE SLAUGHTER JR. V. WALMART, INC.
(For Juvenile cases only):
☐ In the Matter of ____

UAB HOSPITAL

1802 6TH AVE SOUTH
BIRMINGHAM, AL 35233

W001

A. Issued at the request of :
1. ☐ Plaintiff/State
2. ☑ Defendant
3. ☐ Grand Jury

B. Special Instructions
You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other ____

**You may contact:** MADISON MAILE LAKES 3800 CORPORATE WOODS BIRMINGHAM, AL 35242 (205) 278-7058

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

**DATE:** 9/22/2026 10:00:00 AM
**ROOM:**
**ADDRESS:** Friedman, Dazzio, and Zulanas
3800 Corporate Woods Drive
BIRMINGHAM, AL 35242
**DATE ISSUED:** 8/25/2026

/s/ JACQUELINE ANDERSON SMITH
Signature of Court Clerk Deputy Clerk Initials

**ADDITIONAL INSTRUCTIONS**

Any inspection or production of documents or records must be completed within 15 days

This subpoena is for records only. You are not required to appear in court. Please review the NOTICE section on page two as well as Exhibit A and produce certified records to:

Gwendolyn A. Gordon, Esq.
ATTN: Devon Thagard, Paralegal
Friedman, Dazzio & Zulanas, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242

**TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON:** You are ordered to serve this order on the above named person and make return to this court.

**RETURN ON SERVICE**

I certify that I personally delivered a copy of this order to ____ on ____

Signature and Title of Server

01-CV-2026-902671.00-W001

*(For Criminal cases only)*
☐ **Served By Mail**

Date Mailed

Sheriff Deputy Sheriff

**SERVICE RETURN COPY**

AlaFile E-Notice

01-CV-2026-902671.00

To: ZULANAS CHRISTOPHER JOHN
czulanas@friedman-lawyers.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

WILLIE SLAUGHTER JR. V. WALMART, INC.
01-CV-2026-902671.00

The following subpoena was FILED on 8/25/2026 8:58:40 AM

Notice Date: 8/25/2026 8:58:40 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

Case 2:26-cv-01565-HDM Document 1-1 Filed 09/01/26 Page 118 of 154

ELECTRONICALLY FILED
8/25/2026 8:58 AM
01-CV-2026-902671.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

State of Alabama
Unified Judicial System
Form C-13 (front) Rev. 4/18

**ORDER TO APPEAR (SUBPOENA)**

Cas
01-

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

☐ **State of Alabama**
☐ **Municipality of** ______
☑ **WILLIE SLAUGHTER JR. V. WALMART, INC.**
**(For Juvenile cases only):**
☐ **In the Matter of** ______

UAHSF

1210 11TH AVE SOUTH
BIRMINGHAM, AL 35205

A. Issued at the request of :
1. ☐ Plaintiff/State
2. ☑ Defendant
3. ☐ Grand Jury

B. Special Instructions
You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other ______

**You may contact:** MADISON MAILE LAKES 3800 CORPORATE WOODS BIRMINGHAM, AL 35242 (205) 278-7058

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

**DATE:** 09/22/2026 10:00 AM
**ROOM:** ______
**ADDRESS:** Friedman, Dazzio, and Zulanas
3800 Corporate Woods Drive
BIRMINGHAM, AL 35242
**DATE ISSUED:** 8/25/2026

/s/ JACQUELINE ANDERSON SMITH
Signature of Court Clerk    Deputy Clerk Initials

**ADDITIONAL INSTRUCTIONS**

Any inspection or production of documents or records must be completed within 15 days

This subpoena is for records only. You are not required to appear in court. Please review the NOTICE section on page two as well as Exhibit A and produce certified records to:

Madison Lakes, Esq.
ATTN: Devon Thagard, Paralegal
Friedman, Dazzio & Zulanas, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242

**TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON:** You are ordered to serve this order on the above named person and make return to this court.

**RETURN ON SERVICE**

I certify that I personally delivered a copy of this order to ______
______ on ______

Signature and Title of Server

*(For Criminal cases only)*
☐ **Served By Mail**

Date Mailed

Sheriff    Deputy Sheriff

ELECTRONICALLY FILED
8/25/2026 8:58 AM
01-CV-2026-902671.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

# EXHIBIT A

Please produce and permit defendant to inspect and copy each of the following classes of documents:

1. **Any and all invoices or bills for services rendered showing dates of treatment; specific and itemized charges for treatment; and documents showing all payments made by the patient, any medical insurer, Medicare/Medicaid, and any other entity pertaining to the patient listed below, and;**

2. **All records, writings, charts, notes, nurses notes, medication, letters, documents, reports, x-ray reports and films, laboratory reports or results, any tests or results and/or any other written material contained in your file, in your possession, or under your control which relates to the care and treatment or to the diagnosis and/or prognosis of any condition or illness pertaining to the patient below:**

**Name: Willie Slaughter JR**
**Date of Birth:** [redacted]

PLEASE CERTIFY RECORDS. A BLANK AUTHENTICITY CERTIFICATION IS ENCLOSED FOR YOUR CONVENIENCE.

Nothing in this subpoena requests disclosure of confidential communications made for the purposes of diagnosis or treatment of the patient's mental or emotional condition, including alcohol or drug addiction. Nothing in this subpoena requests disclosure of records or information relating to HIV testing or sexually transmitted disease.

You may condition such activity on your part upon the payment in advance of the party causing the issuance of this subpoena of the reasonable costs of the making of such copies. With regard to copy costs, Section 12-21-6.1 of the *Code of Alabama* (1975) states as follows:

> Reasonable costs of reproducing copies of written or typed documents/reports shall not be more than one dollar ($1) for each page of the first 25 pages, not more than 50 cents ($.50) for each page in excess of 25 pages, and a search fee of five dollars ($5). Reasonable costs shall include the actual costs of mailing medical records.

You have the right to object at any time prior to the date set forth in the subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of the subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

PLEASE CONTACT US IN ADVANCE IF THE COPY COSTS EXCEED $250.00.
PLEASE ATTACH A COPY OF THE SUBPOENA TO YOUR RECORDS.

ELECTRONICALLY FILED
8/7/2026 12:08 PM
01-CV-2026-902671.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

| | | |
|---|---|---|
| SLAUGHTER WILLIE JR., Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No.: CV-2026-902671.00 |
| | ) | |
| WALMART, INC., Defendant. | ) | |

## HIPAA PROTECTIVE ORDER

Upon compliance with applicable provisions of Alabama law, the attorneys for the parties (and any pro se parties) to this lawsuit may obtain all health information relating to any individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee, and to obtain all information relative to payment for the provision of medical care to any such individual. This order neither broadens nor restricts any party's ability to conduct discovery pursuant to the Alabama Rules of Civil Procedure, the sole purpose hereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996.

This Court Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Court Order is intended to authorize such disclosures under Section 164.512of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996.

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or

treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party. This Order prohibits any use or disclosure of Protected Health Information for any purpose other than this litigation.

At the conclusion of this action and at the written request of an individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information included in insurance claim files and law firm litigation files may be retained to allow compliance to the extent and for the period that such retention is required by Alabama Insurance laws and Alabama State Bar rules and regulations.

**DONE this 7th day of August, 2026.**

**/s/ BRENDETTE BROWN GREEN**
**CIRCUIT JUDGE**

# AUTHENTICITY CERTIFICATION

I, ________________________________, hereby certify in writing that I am the __________________________ of __________________________________, organized or operated pursuant to or under the laws of Alabama, located at __________________________________________________________________, that I am Custodian of the records of said organization and that the within copy of records is an exact, full, true, and correct copy of the records pertaining to __________________________________________________________________.

I further certify that the said records were made and kept in the usual and regular course of business of said organization and it was in the regular course of business of said organization to make and to keep said records and that said records were made at the time of such acts, transactions, occurrences, or events therein referred to or occurred or arose or were made within a reasonable time thereafter.

This I certify and affirm on this _____ day of _________________, 2026.

____________________________

Title: _______________________

☐ **NO RECORDS**

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front) Rev. 4/18 | **ORDER TO APPEAR (SUBPOENA)** | **Case Number:**<br>01-CV-2026-902671.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON - BIRMINGHAM COUNTY, ALABAMA

☐ State of Alabama
☐ Municipality of ____
☑ WILLIE SLAUGHTER JR. V. WALMART, INC.
(For Juvenile cases only):
☐ In the Matter of ____

UAHSF

1210 11TH AVE SOUTH
BIRMINGHAM, AL 35205

W002

A. Issued at the request of :
1. ☐ Plaintiff/State
2. ☑ Defendant
3. ☐ Grand Jury

B. Special Instructions
You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other ____

**You may contact:** MADISON MAILE LAKES 3800 CORPORATE WOODS BIRMINGHAM, AL 35242 (205) 278-7058

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

**DATE:** 9/22/2026 10:00:00 AM
**ROOM:**
**ADDRESS:** Friedman, Dazzio, and Zulanas
3800 Corporate Woods Drive
BIRMINGHAM, AL 35242
**DATE ISSUED:** 8/25/2026

/s/ JACQUELINE ANDERSON SMITH
Signature of Court Clerk — Deputy Clerk Initials

### ADDITIONAL INSTRUCTIONS

Any inspection or production of documents or records must be completed within 15 days

This subpoena is for records only. You are not required to appear in court. Please review the NOTICE section on page two as well as Exhibit A and produce certified records to:

Madison Lakes, Esq.
ATTN: Devon Thagard, Paralegal
Friedman, Dazzio & Zulanas, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242

**TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON:** You are ordered to serve this order on the above named person and make return to this court.

### RETURN ON SERVICE

I certify that I personally delivered a copy of this order to ____ on ____

Signature and Title of Server

01-CV-2026-902671.00-W002

*(For Criminal cases only)*
☐ **Served By Mail**

Date Mailed

Sheriff — Deputy Sheriff

## SERVICE RETURN COPY

AlaFile E-Notice

01-CV-2026-902671.00

To: ZULANAS CHRISTOPHER JOHN
czulanas@friedman-lawyers.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

WILLIE SLAUGHTER JR. V. WALMART, INC.
01-CV-2026-902671.00

The following subpoena was FILED on 8/25/2026 9:03:15 AM

Notice Date: 8/25/2026 9:03:15 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

ELECTRONICALLY FILED
8/25/2026 9:03 AM
01-CV-2026-902671.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

**State of Alabama**
**Unified Judicial System**
**Form C-13 (front) Rev. 4/18**

**ORDER TO APPEAR (SUBPOENA)**

**Cas**
01-

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

☐ **State of Alabama**
☐ **Municipality of** ____________________
☑ **WILLIE SLAUGHTER JR. V. WALMART, INC.**
**(For Juvenile cases only):**
☐ **In the Matter of** ____________________

CAHABA MEDICAL CENTER

405 BELCHER STREET
CENTREVILLE, AL 35042

A. Issued at the request of :
1. ☐ Plaintiff/State
2. ☑ Defendant
3. ☐ Grand Jury

B. Special Instructions
You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other ____________________

**You may contact:** MADISON MAILE LAKES 3800 CORPORATE WOODS BIRMINGHAM, AL 35242 (205) 278-7058

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

**DATE:** 09/22/2026 10:00 AM
**ROOM:**
**ADDRESS:** Friedman, Dazzio, and Zulanas
3800 Corporate Woods Drive
BIRMINGHAM, AL 35242
**DATE ISSUED:** 8/25/2026

/s/ JACQUELINE ANDERSON SMITH
Signature of Court Clerk Deputy Clerk Initials

**ADDITIONAL INSTRUCTIONS**

Any inspection or production of documents or records must be completed within 15 days

This subpoena is for records only. You are not required to appear in court. Please review the NOTICE section on page two as well as Exhibit A and produce certified records to:

Madison M. Lakes, Esq.
ATTN: Devon Thagard, Paralegal
Friedman, Dazzio & Zulanas, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242

**TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON:** You are ordered to serve this order on the above named person and make return to this court.

**RETURN ON SERVICE**

I certify that I personally delivered a copy of this order to ____________________
____________ on ____________________

____________________
Signature and Title of Server

*(For Criminal cases only)*
☐ **Served By Mail**

____________________
Date Mailed

____________________
Sheriff Deputy Sheriff

ELECTRONICALLY FILED
8/25/2026 9:03 AM
01-CV-2026-902671.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

# EXHIBIT A

Please produce and permit defendant to inspect and copy each of the following classes of documents:

**1. Any and all invoices or bills for services rendered showing dates of treatment; specific and itemized charges for treatment; and documents showing all payments made by the patient, any medical insurer, Medicare/Medicaid, and any other entity pertaining to the patient listed below, and;**

**2. All records, writings, charts, notes, nurses notes, medication, letters, documents, reports, x-ray reports and films, laboratory reports or results, any tests or results and/or any other written material contained in your file, in your possession, or under your control which relates to the care and treatment or to the diagnosis and/or prognosis of any condition or illness pertaining to the patient below:**

**Name: Willie Slaughter JR**
**Date of Birth:** [redacted]

PLEASE CERTIFY RECORDS. A BLANK AUTHENTICITY CERTIFICATION IS ENCLOSED FOR YOUR CONVENIENCE.

Nothing in this subpoena requests disclosure of confidential communications made for the purposes of diagnosis or treatment of the patient's mental or emotional condition, including alcohol or drug addiction. Nothing in this subpoena requests disclosure of records or information relating to HIV testing or sexually transmitted disease.

You may condition such activity on your part upon the payment in advance of the party causing the issuance of this subpoena of the reasonable costs of the making of such copies. With regard to copy costs, Section 12-21-6.1 of the *Code of Alabama* (1975) states as follows:

> Reasonable costs of reproducing copies of written or typed documents/reports shall not be more than one dollar ($1) for each page of the first 25 pages, not more than 50 cents ($.50) for each page in excess of 25 pages, and a search fee of five dollars ($5). Reasonable costs shall include the actual costs of mailing medical records.

You have the right to object at any time prior to the date set forth in the subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of the subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

PLEASE CONTACT US IN ADVANCE IF THE COPY COSTS EXCEED $250.00.
PLEASE ATTACH A COPY OF THE SUBPOENA TO YOUR RECORDS.

ELECTRONICALLY FILED
8/7/2026 12:08 PM
01-CV-2026-902671.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

| | | |
|---|---|---|
| SLAUGHTER WILLIE JR., Plaintiff, | ) | |
| V. | ) | Case No.: CV-2026-902671.00 |
| WALMART, INC., Defendant. | ) | |

## HIPAA PROTECTIVE ORDER

Upon compliance with applicable provisions of Alabama law, the attorneys for the parties (and any pro se parties) to this lawsuit may obtain all health information relating to any individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee, and to obtain all information relative to payment for the provision of medical care to any such individual. This order neither broadens nor restricts any party's ability to conduct discovery pursuant to the Alabama Rules of Civil Procedure, the sole purpose hereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996.

This Court Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Court Order is intended to authorize such disclosures under Section 164.512of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996.

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or

treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party. This Order prohibits any use or disclosure of Protected Health Information for any purpose other than this litigation.

At the conclusion of this action and at the written request of an individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information included in insurance claim files and law firm litigation files may be retained to allow compliance to the extent and for the period that such retention is required by Alabama Insurance laws and Alabama State Bar rules and regulations.

**DONE this 7th day of August, 2026.**

**/s/ BRENDETTE BROWN GREEN**
**CIRCUIT JUDGE**

# AUTHENTICITY CERTIFICATION

I, ________________________________, hereby certify in writing that I am the __________________________ of __________________________________, organized or operated pursuant to or under the laws of Alabama, located at __________________________________________________________________, that I am Custodian of the records of said organization and that the within copy of records is an exact, full, true, and correct copy of the records pertaining to __________________________________________________________________.

I further certify that the said records were made and kept in the usual and regular course of business of said organization and it was in the regular course of business of said organization to make and to keep said records and that said records were made at the time of such acts, transactions, occurrences, or events therein referred to or occurred or arose or were made within a reasonable time thereafter.

This I certify and affirm on this _____ day of _________________, 2026.

____________________________

Title: _______________________

☐ **NO RECORDS**

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front) Rev. 4/18 | ORDER TO APPEAR<br>(SUBPOENA) | Case Number:<br>01-CV-2026-902671.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON - BIRMINGHAM COUNTY, ALABAMA

☐ State of Alabama
☐ Municipality of ______
☑ WILLIE SLAUGHTER JR. V. WALMART, INC.
(For Juvenile cases only):
☐ In the Matter of ______

CAHABA MEDICAL CENTER

405 BELCHER STREET
CENTREVILLE, AL 35042

W003

A. Issued at the request of :
1. ☐ Plaintiff/State
2. ☑ Defendant
3. ☐ Grand Jury

B. Special Instructions
You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other ______

**You may contact:** MADISON MAILE LAKES 3800 CORPORATE WOODS BIRMINGHAM, AL 35242 (205) 278-7058

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

**DATE:** 9/22/2026 10:00:00 AM
**ROOM:**
**ADDRESS:** Friedman, Dazzio, and Zulanas
3800 Corporate Woods Drive
BIRMINGHAM, AL 35242
**DATE ISSUED:** 8/25/2026

/s/ JACQUELINE ANDERSON SMITH
Signature of Court Clerk Deputy Clerk Initials

**ADDITIONAL INSTRUCTIONS**

Any inspection or production of documents or records must be completed within 15 days

This subpoena is for records only. You are not required to appear in court. Please review the NOTICE section on page two as well as Exhibit A and produce certified records to:

Madison M. Lakes, Esq.
ATTN: Devon Thagard, Paralegal
Friedman, Dazzio & Zulanas, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242

**TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON:** You are ordered to serve this order on the above named person and make return to this court.

**RETURN ON SERVICE**

I certify that I personally delivered a copy of this order to ______ ______ on ______

______
Signature and Title of Server

01-CV-2026-902671.00-W003

*(For Criminal cases only)*
☐ **Served By Mail**

______
Date Mailed

______
Sheriff Deputy Sheriff

**SERVICE RETURN COPY**

AlaFile E-Notice

01-CV-2026-902671.00

To: ZULANAS CHRISTOPHER JOHN
czulanas@friedman-lawyers.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

WILLIE SLAUGHTER JR. V. WALMART, INC.
01-CV-2026-902671.00

The following subpoena was FILED on 8/25/2026 9:06:21 AM

Notice Date: 8/25/2026 9:06:21 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

ELECTRONICALLY FILED
8/25/2026 9:06 AM
01-CV-2026-902671.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

State of Alabama
Unified Judicial System
Form C-13 (front) Rev. 4/18

**ORDER TO APPEAR (SUBPOENA)**

Cas
01-

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

☐ **State of Alabama**
☐ **Municipality of** ____
☑ **WILLIE SLAUGHTER JR. V. WALMART, INC.**
**(For Juvenile cases only):**
☐ **In the Matter of** ____

PRINCETON BAPTIST MEDICAL CENTER

701 PRINCETON AVE SW
BIRMINGHAM, AL 35211

A. Issued at the request of :
1. ☐ Plaintiff/State
2. ☑ Defendant
3. ☐ Grand Jury

B. Special Instructions
You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other ____

**You may contact:** MADISON MAILE LAKES 3800 CORPORATE WOODS BIRMINGHAM, AL 35242 (205) 278-7058

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

**DATE:** 09/22/2026 10:00 AM
**ROOM:**
**ADDRESS:** Friedman, Dazzio, and Zulanas
3800 Corporate Woods Drive
BIRMINGHAM, AL 35242
**DATE ISSUED:** 8/25/2026

/s/ JACQUELINE ANDERSON SMITH
Signature of Court Clerk Deputy Clerk Initials

**ADDITIONAL INSTRUCTIONS**

Any inspection or production of documents or records must be completed within 15 days

This subpoena is for records only. You are not required to appear in court. Please review the NOTICE section on page two as well as Exhibit A and produce certified records to:

Madison M. Lakes, Esq.
ATTN: Devon Thagard, Paralegal
Friedman, Dazzio & Zulanas, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242

**TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON:** You are ordered to serve this order on the above named person and make return to this court.

**RETURN ON SERVICE**

I certify that I personally delivered a copy of this order to ____
____ on ____

Signature and Title of Server

*(For Criminal cases only)*
☐ **Served By Mail**

Date Mailed

Sheriff Deputy Sheriff

ELECTRONICALLY FILED
8/25/2026 9:06 AM
01-CV-2026-902671.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

# EXHIBIT A

Please produce and permit defendant to inspect and copy each of the following classes of documents:

1. **Any and all invoices or bills for services rendered showing dates of treatment; specific and itemized charges for treatment; and documents showing all payments made by the patient, any medical insurer, Medicare/Medicaid, and any other entity pertaining to the patient listed below, and;**

2. **All records, writings, charts, notes, nurses notes, medication, letters, documents, reports, x-ray reports and films, laboratory reports or results, any tests or results and/or any other written material contained in your file, in your possession, or under your control which relates to the care and treatment or to the diagnosis and/or prognosis of any condition or illness pertaining to the patient below:**

**Name: Willie Slaughter JR**
**Date of Birth:** [redacted]

PLEASE CERTIFY RECORDS. A BLANK AUTHENTICITY CERTIFICATION IS ENCLOSED FOR YOUR CONVENIENCE.

Nothing in this subpoena requests disclosure of confidential communications made for the purposes of diagnosis or treatment of the patient's mental or emotional condition, including alcohol or drug addiction. Nothing in this subpoena requests disclosure of records or information relating to HIV testing or sexually transmitted disease.

You may condition such activity on your part upon the payment in advance of the party causing the issuance of this subpoena of the reasonable costs of the making of such copies. With regard to copy costs, Section 12-21-6.1 of the *Code of Alabama* (1975) states as follows:

> Reasonable costs of reproducing copies of written or typed documents/reports shall not be more than one dollar ($1) for each page of the first 25 pages, not more than 50 cents ($.50) for each page in excess of 25 pages, and a search fee of five dollars ($5). Reasonable costs shall include the actual costs of mailing medical records.

You have the right to object at any time prior to the date set forth in the subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of the subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

PLEASE CONTACT US IN ADVANCE IF THE COPY COSTS EXCEED $250.00.
PLEASE ATTACH A COPY OF THE SUBPOENA TO YOUR RECORDS.

ELECTRONICALLY FILED
8/7/2026 12:08 PM
01-CV-2026-902671.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

| | | |
|---|---|---|
| SLAUGHTER WILLIE JR.,<br>Plaintiff, | ) | |
| V. | ) | Case No.: CV-2026-902671.00 |
| WALMART, INC.,<br>Defendant. | ) | |

## HIPAA PROTECTIVE ORDER

Upon compliance with applicable provisions of Alabama law, the attorneys for the parties (and any pro se parties) to this lawsuit may obtain all health information relating to any individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee, and to obtain all information relative to payment for the provision of medical care to any such individual. This order neither broadens nor restricts any party's ability to conduct discovery pursuant to the Alabama Rules of Civil Procedure, the sole purpose hereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996.

This Court Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Court Order is intended to authorize such disclosures under Section 164.512of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996.

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or

treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party. This Order prohibits any use or disclosure of Protected Health Information for any purpose other than this litigation.

At the conclusion of this action and at the written request of an individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information included in insurance claim files and law firm litigation files may be retained to allow compliance to the extent and for the period that such retention is required by Alabama Insurance laws and Alabama State Bar rules and regulations.

**DONE this 7th day of August, 2026.**

**/s/ BRENDETTE BROWN GREEN**
**CIRCUIT JUDGE**

# AUTHENTICITY CERTIFICATION

I, ________________________________, hereby certify in writing that I am the __________________________ of ________________________________, organized or operated pursuant to or under the laws of Alabama, located at __________________________________________________________________, that I am Custodian of the records of said organization and that the within copy of records is an exact, full, true, and correct copy of the records pertaining to __________________________________________________________________.

I further certify that the said records were made and kept in the usual and regular course of business of said organization and it was in the regular course of business of said organization to make and to keep said records and that said records were made at the time of such acts, transactions, occurrences, or events therein referred to or occurred or arose or were made within a reasonable time thereafter.

This I certify and affirm on this _____ day of _________________, 2026.

____________________________

Title: _______________________

☐ **NO RECORDS**

| State of Alabama<br>Unified Judicial System<br>Form C-13 (front) Rev. 4/18 | **ORDER TO APPEAR (SUBPOENA)** | **Case Number:**<br>01-CV-2026-902671.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON - BIRMINGHAM COUNTY, ALABAMA

☐ **State of Alabama**
☐ **Municipality of** ______
☑ **WILLIE SLAUGHTER JR. V. WALMART, INC.**
**(For Juvenile cases only):**
☐ **In the Matter of** ______

PRINCETON BAPTIST MEDICAL CENTER

701 PRINCETON AVE SW
BIRMINGHAM, AL 35211

W004

A. Issued at the request of :
1. ☐ Plaintiff/State
2. ☑ Defendant
3. ☐ Grand Jury

B. Special Instructions
You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other ______

**You may contact:** MADISON MAILE LAKES 3800 CORPORATE WOODS BIRMINGHAM, AL 35242 (205) 278-7058

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

**DATE:** 9/22/2026 10:00:00 AM
**ROOM:**
**ADDRESS:** Friedman, Dazzio, and Zulanas
3800 Corporate Woods Drive
BIRMINGHAM, AL 35242
**DATE ISSUED:** 8/25/2026

/s/ JACQUELINE ANDERSON SMITH
Signature of Court Clerk — Deputy Clerk Initials

**ADDITIONAL INSTRUCTIONS**

Any inspection or production of documents or records must be completed within 15 days

This subpoena is for records only. You are not required to appear in court. Please review the NOTICE section on page two as well as Exhibit A and produce certified records to:

Madison M. Lakes, Esq.
ATTN: Devon Thagard, Paralegal
Friedman, Dazzio & Zulanas, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242

**TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON:** You are ordered to serve this order on the above named person and make return to this court.

**RETURN ON SERVICE**

I certify that I personally delivered a copy of this order to ______ on ______

Signature and Title of Server

01-CV-2026-902671.00-W004

*(For Criminal cases only)*
☐ **Served By Mail**

Date Mailed

Sheriff — Deputy Sheriff

**SERVICE RETURN COPY**

AlaFile E-Notice

01-CV-2026-902671.00

To: ZULANAS CHRISTOPHER JOHN
czulanas@friedman-lawyers.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

WILLIE SLAUGHTER JR. V. WALMART, INC.
01-CV-2026-902671.00

The following subpoena was FILED on 8/25/2026 9:15:12 AM

Notice Date: 8/25/2026 9:15:12 AM

JACQUELINE ANDERSON SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
716 RICHARD ARRINGTON, JR BLVD
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

ELECTRONICALLY FILED
8/25/2026 9:15 AM
01-CV-2026-902671.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

State of Alabama
Unified Judicial System
Form C-13 (front) Rev. 4/18

**ORDER TO APPEAR (SUBPOENA)**

Cas 01-

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

☐ State of Alabama
☐ Municipality of ______
☑ WILLIE SLAUGHTER JR. V. WALMART, INC.
(For Juvenile cases only):
☐ In the Matter of ______

BIRMINGHAM RADIOLOGICAL GROUP

2000 SOUTHBRIDGE PKWY
#A300
BIRMINGHAM, AL 35209

A. Issued at the request of :
1. ☐ Plaintiff/State
2. ☑ Defendant
3. ☐ Grand Jury

B. Special Instructions
You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other ______

**You may contact:** MADISON MAILE LAKES 3800 CORPORATE WOODS BIRMINGHAM, AL 35242 (205) 278-7058

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

**DATE:** 09/22/2026 10:00 AM
**ROOM:**
**ADDRESS:** Friedman, Dazzio, and Zulanas
3800 Corporate Woods Drive
BIRMINGHAM, AL 35242
**DATE ISSUED:** 8/25/2026

/s/ JACQUELINE ANDERSON SMITH
Signature of Court Clerk Deputy Clerk Initials

**ADDITIONAL INSTRUCTIONS**
Any inspection or production of documents or records must be completed within 15 days

This subpoena is for records only. You are not required to appear in court. Please review the NOTICE section on page two as well as Exhibit A and produce certified records to:

Madison M. Lakes, Esq.
ATTN: Devon Thagard, Paralegal
Friedman, Dazzio & Zulanas, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242

**TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON:** You are ordered to serve this order on the above named person and make return to this court.

**RETURN ON SERVICE**

I certify that I personally delivered a copy of this order to ______ on ______

Signature and Title of Server

*(For Criminal cases only)*
☐ **Served By Mail**

Date Mailed

Sheriff Deputy Sheriff

ELECTRONICALLY FILED
8/25/2026 9:15 AM
01-CV-2026-902671.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

**EXHIBIT A**

Please produce and permit defendant to inspect and copy each of the following classes of documents:

**1. Any and all invoices or bills for services rendered showing dates of treatment; specific and itemized charges for treatment; and documents showing all payments made by the patient, any medical insurer, Medicare/Medicaid, and any other entity pertaining to the patient listed below, and;**

**2. All records, writings, charts, notes, nurses notes, medication, letters, documents, reports, x-ray reports and films, laboratory reports or results, any tests or results and/or any other written material contained in your file, in your possession, or under your control which relates to the care and treatment or to the diagnosis and/or prognosis of any condition or illness pertaining to the patient below:**

**Name: Willie Slaughter JR**
**Date of Birth:** [redacted]

PLEASE CERTIFY RECORDS. A BLANK AUTHENTICITY CERTIFICATION IS ENCLOSED FOR YOUR CONVENIENCE.

Nothing in this subpoena requests disclosure of confidential communications made for the purposes of diagnosis or treatment of the patient's mental or emotional condition, including alcohol or drug addiction. Nothing in this subpoena requests disclosure of records or information relating to HIV testing or sexually transmitted disease.

You may condition such activity on your part upon the payment in advance of the party causing the issuance of this subpoena of the reasonable costs of the making of such copies. With regard to copy costs, Section 12-21-6.1 of the *Code of Alabama* (1975) states as follows:

> Reasonable costs of reproducing copies of written or typed documents/reports shall not be more than one dollar ($1) for each page of the first 25 pages, not more than 50 cents ($.50) for each page in excess of 25 pages, and a search fee of five dollars ($5). Reasonable costs shall include the actual costs of mailing medical records.

You have the right to object at any time prior to the date set forth in the subpoena for compliance. Should you choose to object, you should communicate such objection in writing to the party causing the issuance of the subpoena and stating, with respect to any item or category to which objection is made, your reasons for such objection.

PLEASE CONTACT US IN ADVANCE IF THE COPY COSTS EXCEED $250.00.
PLEASE ATTACH A COPY OF THE SUBPOENA TO YOUR RECORDS.

ELECTRONICALLY FILED
8/7/2026 12:08 PM
01-CV-2026-902671.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

| | | |
|---|---|---|
| SLAUGHTER WILLIE JR.,<br>Plaintiff, | ) | |
| V. | ) | Case No.: CV-2026-902671.00 |
| WALMART, INC.,<br>Defendant. | ) | |

**HIPAA PROTECTIVE ORDER**

Upon compliance with applicable provisions of Alabama law, the attorneys for the parties (and any pro se parties) to this lawsuit may obtain all health information relating to any individual who is a party to this case, or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee, and to obtain all information relative to payment for the provision of medical care to any such individual. <u>This order neither broadens nor restricts any party's ability to conduct discovery pursuant to the Alabama Rules of Civil Procedure, the sole purpose hereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996.</u>

This Court Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Court Order is intended to authorize such disclosures under Section 164.512of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996.

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure. Nothing in this Order permits disclosure of confidential communications, made for the purposes of diagnosis or

treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party. This Order prohibits any use or disclosure of Protected Health Information for any purpose other than this litigation.

At the conclusion of this action and at the written request of an individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information included in insurance claim files and law firm litigation files may be retained to allow compliance to the extent and for the period that such retention is required by Alabama Insurance laws and Alabama State Bar rules and regulations.

**DONE this 7th day of August, 2026.**

**/s/ BRENDETTE BROWN GREEN**
**CIRCUIT JUDGE**

# AUTHENTICITY CERTIFICATION

I, ________________________________, hereby certify in writing that I am the __________________________ of ___________________________________, organized or operated pursuant to or under the laws of Alabama, located at __________________________________________________________________, that I am Custodian of the records of said organization and that the within copy of records is an exact, full, true, and correct copy of the records pertaining to __________________________________________________________________.

I further certify that the said records were made and kept in the usual and regular course of business of said organization and it was in the regular course of business of said organization to make and to keep said records and that said records were made at the time of such acts, transactions, occurrences, or events therein referred to or occurred or arose or were made within a reasonable time thereafter.

This I certify and affirm on this _____ day of _________________, 2026.

____________________________

Title: _______________________

☐ **NO RECORDS**

State of Alabama
Unified Judicial System
Form C-13 (front) Rev. 4/18

# ORDER TO APPEAR (SUBPOENA)

**Case Number:** 01-CV-2026-902671.00

## IN THE CIRCUIT COURT OF JEFFERSON - BIRMINGHAM COUNTY, ALABAMA

☐ State of Alabama
☐ Municipality of ______
☑ WILLIE SLAUGHTER JR. V. WALMART, INC.
(For Juvenile cases only):
☐ In the Matter of ______

BIRMINGHAM RADIOLOGICAL GROUP

2000 SOUTHBRIDGE PKWY
#A300
BIRMINGHAM, AL 35209

W005

A. Issued at the request of :
1. ☐ Plaintiff/State
2. ☑ Defendant
3. ☐ Grand Jury

B. Special Instructions
You are ordered to:
1. ☐ Appear at trial
2. ☑ Produce records or documents-See attached schedule(s)
3. ☐ Appear at deposition
4. ☐ Other ______

**You may contact:** MADISON MAILE LAKES 3800 CORPORATE WOODS BIRMINGHAM, AL 35242 (205) 278-7058

**YOU ARE ORDERED TO APPEAR to give testimony before the court or by deposition; and/or produce and permit inspection and copying of books, documents, or tangible things; and/or permit inspection of premises as stated below until otherwise excused. Failure to obey this subpoena may be deemed a contempt of court from which the subpoena was issued.**

**DATE:** 9/22/2026 10:00:00 AM
**ROOM:**
**ADDRESS:** Friedman, Dazzio, and Zulanas
3800 Corporate Woods Drive
BIRMINGHAM, AL 35242
**DATE ISSUED:** 8/25/2026

/s/ JACQUELINE ANDERSON SMITH
Signature of Court Clerk Deputy Clerk Initials

**ADDITIONAL INSTRUCTIONS**

Any inspection or production of documents or records must be completed within 15 days

This subpoena is for records only. You are not required to appear in court. Please review the NOTICE section on page two as well as Exhibit A and produce certified records to:

Madison M. Lakes, Esq.
ATTN: Devon Thagard, Paralegal
Friedman, Dazzio & Zulanas, P.C.
3800 Corporate Woods Drive
Birmingham, AL 35242

**TO ANY SHERIFF OF THE STATE OF ALABAMA OR ANY AUTHORIZED PERSON:** You are ordered to serve this order on the above named person and make return to this court.

**RETURN ON SERVICE**

I certify that I personally delivered a copy of this order to ______ on ______

Signature and Title of Server

01-CV-2026-902671.00-W005

*(For Criminal cases only)*
☐ **Served By Mail**

Date Mailed

Sheriff Deputy Sheriff

**SERVICE RETURN COPY**

# NOTICE TO CLERK

REQUIREMENTS FOR COMPLETING SERVICE BY
CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
WILLIE SLAUGHTER JR. V. WALMART, INC.

01-CV-2026-902671.00

To: CLERK BIRMINGHAM
clerk.birmingham@alacourt.gov

TOTAL POSTAGE PAID: $11.27

Parties to be served by Certified Mail - Return Receipt Requested

UAB HOSPITAL
1802 6TH AVE SOUTH
BIRMINGHAM, AL 35233

Postage: $11.27

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

Parties to be served by First Class Mail

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

UAB Hospital
1802 6th Ave South
Birmingham, AL 35233

9590 9402 9326 5002 9018 18

2. Article Number (Transfer from service label)

9589 0710 5270 3381 4041 12

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

WI

CV. 26 902671

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053

Domestic Return Receipt

9589 0710 5270 3381 4041 12

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$
Sent To
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

Postmark Here

PS Form 3800, January 2023 See Reverse for Instructions

# NOTICE TO CLERK

REQUIREMENTS FOR COMPLETING SERVICE BY
CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
WILLIE SLAUGHTER JR. V. WALMART, INC.

01-CV-2026-902671.00

To: CLERK BIRMINGHAM
clerk.birmingham@alacourt.gov

TOTAL POSTAGE PAID: $11.27

Parties to be served by Certified Mail - Return Receipt Requested

UAHSF Postage: $11.27
1210 11TH AVE SOUTH
BIRMINGHAM, AL 35205

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

Parties to be served by First Class Mail

**SENDER: COMPLETE**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

UAHSF
1210 11th Ave South
Birmingham, AL 35202

9590 9402 9326 5002 9018 01

2. Article Number (Transfer from service label)

9589 0710 5270 3381 4041 29

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

WJ
CV 26-902671

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

9589 0710 5270 3381 4041 29

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$

Postmark Here

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, January 2023 See Reverse for Instructions

# NOTICE TO CLERK

REQUIREMENTS FOR COMPLETING SERVICE BY
CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
WILLIE SLAUGHTER JR. V. WALMART, INC.

01-CV-2026-902671.00

To: CLERK BIRMINGHAM
clerk.birmingham@alacourt.gov

TOTAL POSTAGE PAID: $11.27

Parties to be served by Certified Mail - Return Receipt Requested

CAHABA MEDICAL CENTER Postage: $11.27
405 BELCHER STREET
CENTREVILLE, AL 35042

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

Parties to be served by First Class Mail

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Cahaba Medical Center
405 Belcher Street
Centreville, AL 35042

9590 9402 9326 5002 9017 95

2. Article Number (Transfer from service label)
9589 0710 5270 3381 4041 36

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

W3

CV 26-902671

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☑ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
Mail
Mail Restricted Delivery
(over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

9589 0710 5270 3381 4041 36

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$
Sent To
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

Postmark Here

PS Form 3800, January 2023 See Reverse for Instructions

# NOTICE TO CLERK

REQUIREMENTS FOR COMPLETING SERVICE BY
CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
WILLIE SLAUGHTER JR. V. WALMART, INC.

01-CV-2026-902671.00

To: CLERK BIRMINGHAM
clerk.birmingham@alacourt.gov

TOTAL POSTAGE PAID: $11.27

Parties to be served by Certified Mail - Return Receipt Requested

PRINCETON BAPTIST MEDICAL CENTER Postage: $11.27
701 PRINCETON AVE SW
BIRMINGHAM, AL 35211

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

Parties to be served by First Class Mail

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Princeton Baptist Medical Center
701 Princeton Ave Southwest
Birmingham, AL 35211

9590 9402 9326 5002 9017 88

2. Article Number *(Transfer from service label)*

9589 0710 5270 3381 4041 43

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

W4

CV-26-902671

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

9589 0710 5270 3381 4041 43

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
*Domestic Mail Only*
For delivery information, visit our website at www.usps.com
OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$
Sent To
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

Postmark Here

PS Form 3800, January 2023 See Reverse for Instructions

# NOTICE TO CLERK

REQUIREMENTS FOR COMPLETING SERVICE BY
CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
WILLIE SLAUGHTER JR. V. WALMART, INC.

01-CV-2026-902671.00

To: CLERK BIRMINGHAM
clerk.birmingham@alacourt.gov

TOTAL POSTAGE PAID: $11.27

Parties to be served by Certified Mail - Return Receipt Requested

BIRMINGHAM RADIOLOGICAL GROUP — Postage: $11.27
2000 SOUTHBRIDGE PKWY
#A300
BIRMINGHAM, AL 35209

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

Parties to be served by First Class Mail

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Birmingham Radiological Group
2000 Southbridge Parkway #A300
Birmingham, AL 35209

9590 9402 9326 5002 9017 71

2. Article Number (*Transfer from service label*)

9589 0710 5270 3381 4041 50

PS Form 3811, July 2020 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (*Printed Name*)

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

CW 5

CV-26-902671

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
Mail Restricted Delivery
00)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

9589 0710 5270 3381 4041 50

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com.

OFFICIAL USE

Certified Mail Fee $

Extra Services & Fees (*check box, add fee as appropriate*)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $

Postage $

Total Postage and Fees $

Postmark Here

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, January 2023 See Reverse for Instructions